**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 0:21-cv-61749-SINGHAL

GILMER BAUTISTA, *et al.*,

      Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

      Defendant.

_____/

**SETTLEMENT AGREEMENT**

This Settlement Agreement is made and entered into by and between Plaintiffs Gilmer Bautista, Gilmer's Enterprise LLC, Juan Mendoza, Alejandro Diaz, and Tyler Witter ("Plaintiffs" or "Settlement Class Representatives"), for themselves and the Settlement Class Members (as defined below) and Corali Lopez-Castro, as the Court-appointed Receiver for MJ Capital Funding LLC, MJ Taxes and More Inc., Pavel Ruiz MJCF LLC, and UDM Remodeling, LLC ("Receiver" or "Settlement Administrator") on the one hand, and Wells Fargo Bank, N.A., the Defendant (as defined below) on the other hand. Plaintiffs, Defendant, and Receiver are each a "Party" to this Settlement Agreement.  The Plaintiffs and Defendant are referred to collectively herein as the "Parties," and the Plaintiffs, Defendant and Receiver are referred to collectively herein as the "Global Parties."

Subject to the terms and conditions set forth herein and to the Court's approval pursuant to Rule 23 of the Federal Rules of Civil Procedure, the settlement embodied in this Settlement Agreement is intended by the Parties to be a full and final disposition of the Action with respect

to Defendant and to fully, finally and forever resolve, discharge, dismiss and settle the Released Claims and Receiver's Released Claims against the Released Parties.

The Global Parties agree that, by entering into this Settlement Agreement, Defendant is not admitting any liability, fault or violation of law. Rather, the Global Parties agree and acknowledge that Defendant vigorously denies all allegations and claims asserted against it but, like Plaintiffs, is entering into the Settlement Agreement to avoid the risk, burden and expense of continued litigation.

1. **DEFINITIONS**

1.1     As used in this Settlement Agreement and its exhibits, the following capitalized terms shall have the meanings set forth below. In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement Agreement, the definition set forth below shall control.

1.2     "Action" means the civil action captioned *Bautista, et al., v. Wells Fargo Bank, N.A.*, No. 21-cv-61749-SINGHAL (S.D. Fla.).

1.3     "CAFA Notice" means the notice required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq*.

1.4     "Claim Form" means the form sent to Settlement Class Members and, with respect to any Additional Claimant (as described in Section 7 below), voluntarily returned or submitted to the Settlement Administrator to affirm his or her or its eligibility and desire to participate in the Settlement, and to provide or confirm current contact information. A copy of the Claim Form is attached as Exhibit B.

1.5     "Class Counsel" means Jason Kellogg and Jeffrey C. Schneider of Levine Kellogg Lehman Schneider + Grossman LLP; Curtis B. Miner of Colson Hicks Eidson, P.A.; and Francisco

R. Maderal, Jr. of Maderal Byrne PLLC, the attorneys appointed as interim co-lead class counsel by the Court in its Order dated July 25, 2022.

1.6    "Consideration" means the cash sum of Twenty-Six Million Six Hundred Twenty-Five Thousand Dollars ($26,625,000) that the Defendant will pay into the Settlement Fund to settle the Action in accordance with the terms of this Settlement Agreement. Other than the Consideration, Defendant shall owe no additional monies of any kind under this Settlement Agreement.

1.7    "Court" means the United States District Court for the Southern District of Florida.

1.8    "Defendant" or "Wells Fargo" means Wells Fargo Bank, N.A.

1.9    "Distributions" means the distributions of Net Consideration from the Settlement Fund to Participating Settlement Class Members who hold Allowed Claims. At the discretion of the Settlement Administrator, Distributions may be distributed to Participating Settlement Class Members (i) in multiple Distributions or (ii) in a single Distribution.

1.10    "Effective Date" means the date of Final Approval, provided however, that no Party has exercised the right of termination under Section 12 of this Settlement Agreement.

1.11    "Escrow Account" means one or more separate escrow account(s) into which the Consideration will be deposited for the benefit of the Settlement Class until such time as the Consideration is distributed pursuant to the terms of this Settlement Agreement.  All funds held in the Escrow Account shall be the Settlement Fund and deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be disbursed pursuant to the terms of this Settlement Agreement and/or further order of the Court. The Escrow Agent shall invest the funds in the Escrow Account in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States

Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government.  All risks of loss related to the investment shall be borne solely by the Settlement Fund.  In the event this Settlement Agreement fails for any of the reasons identified in this Agreement, the contents of the Escrow Account will revert to Defendant in accordance with the terms of Section 12.

1.12    "Escrow Agent" means the person or institution selected by the Settlement Administrator, to receive and hold the Settlement Fund under the terms of this Settlement Agreement. The Settlement Administrator may act as Escrow Agent.

1.13    "Final Approval" means the date when the order granting final approval of the Settlement and entering judgment (the Final Order and Judgment), and final approval of the Settlement in the SEC Action, will be final and no longer subject to appeal, specifically seven (7) days after the latest of: (i) the date of final affirmance on an appeal of the Final Order and Judgment; (ii) the date of final dismissal with prejudice or other final resolution of the last pending appeal from the Final Order and Judgment; (iii) if no appeal is filed, the expiration of the date of the time for the filing or noticing any form of valid appeal or writ review from the Final Order and Judgment (including any potential extension of time).  If the Final Order and Judgment are set aside, modified, or overturned by any court, including on appeal, and are not fully reinstated on appeal, the Final Order and Judgment shall not become final.

1.14    "Final Approval Hearing" means the hearing held by the Court to determine whether to enter the Final Order and Judgment.

1.15    "Final Order and Judgment" means an order granting final approval of the Settlement and entering judgment substantially in the form of Exhibit D hereto, which entry is subject to the Court's final approval of the Settlement in the SEC Action.

1.16    "MJ Capital Receivership Entities" means MJ Capital Funding LLC, MJ Taxes and More Inc., Pavel Ruiz MJCF LLC, UDM Remodeling, LLC, and any other entities that are added in the future to the receivership in the SEC Action pursuant to a final order entered by the Court.

1.17    "MJ Capital Scheme" means the investment scheme Johanna Garcia, Pavel Ruiz, other board members, owners, account representatives, managers, team leads and other promoters, including their affiliates and subsidiaries, perpetuated through the use of the MJ Capital Receivership Entities.

1.18    "Net Consideration" means the Settlement Fund less: (1) Court-awarded attorneys' fees and reimbursement of attorneys' costs and expenses; (2) Notice and Administration Expenses; (3) Taxes, if any; (4) Service Awards, if any, and (5) any other costs, fees, or expenses approved by the Court prior to the Distributions.

1.19    "Notice" means the Notice of Class Action Settlement to be provided to each Settlement Class Member. Subject to approval of the Court, the Notice shall be substantially in the form attached as Exhibit A hereto and shall describe for Settlement Class Members the requirements for excluding oneself from the Settlement or filing and pursuing an objection. The Settlement Administrator shall cause the Notice to be sent to each Settlement Class Member in accordance with the notice procedures described in Section 7.

1.20    "Notice and Administration Expenses" means all costs, fees, and expenses incurred by the Settlement Administrator, her professionals and any service provider the Settlement Administrator uses in connection with: (1) providing Notice to the Settlement Class, including, but

not limited to, costs of printing and providing notice to persons in the Settlement Class including, such as, costs for Notice and the Settlement Website, (2) reviewing opt-out requests and preparing a list of same, (3) addressing inquiries from the Settlement Class regarding the Settlement, including, but not limited to, through a call center and responding to direct inquiries to the Settlement Administrator's office, (4) administering the Settlement, including, but not limited to, disbursing the Settlement Fund and Net Consideration to Participating Settlement Class Members who hold Allowed Claims, the cost of preparing, printing and mailing settlement payments, and reviewing Claim Forms and verifying information therein.

1.21    "Objection Deadline" shall be the date set by the Court for Settlement Class Members to return notice of their objection to this Settlement, which subject to Court approval shall be at least 45 days after the Settlement Administrator sends E-Mail Notice and at least 45 days before the Final Approval Hearing.

1.22    "Opt-Out Deadline" shall be the date set by the Court for Settlement Class Members to return notice of their desire to opt out of this Settlement, which subject to Court approval shall be at least 45 days after the Settlement Administrator sends E-Mail Notice and at least 45 days before the Final Approval Hearing.

1.23    "Pro Rata Share" means, with respect to any Distributions on account of an Allowed Claim (defined in Section 7), a distribution equal in amount to the ratio (expressed as a percentage) that the amount of such Allowed Claim bears to the aggregate amount of all Allowed Claims, or such other ratio as proposed by the Receiver and approved by the Court in the SEC Action.

1.24    "Participating Settlement Class Member(s)" means those Settlement Class Members who do not timely and/or validly request exclusion from the Settlement and who, in the

cases of Additional Claimants, timely return a Claim Form demonstrating their eligibility and intention to participate in the Settlement.

1.25   "Preliminary Approval" means the date on which the Court enters the Preliminary Approval Order.

1.26   "Preliminary Approval Order" means the order by the Court granting preliminary approval of this Settlement Agreement, substantially in the form attached hereto as Exhibit C.

1.27   "Receiver" means attorney Corali Lopez-Castro, solely in her capacity as the Court-appointed Receiver over the MJ Capital Receivership Entities in the SEC Action appointed by the Court pursuant to the Order entered in the SEC Action on August 12, 2021 (the "Receivership Order") and the Order Granting Receiver's Motion to Expand Receivership Estate entered in the SEC Action on October 14, 2021 (the "Expansion Order"), and any such further expansion orders in the SEC Action as may be entered in the future.  "Receiver" includes any successor receiver(s) that may be appointed in the SEC Action.

1.28   "Receiver's Released Claims" means any and all claims, defenses, actions, causes of action, suits, obligations, debts, offsets, setoffs, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, refunds, reimbursements, restitution, relief for contempt, and attorneys' fees of any nature whatsoever, whether arising under federal law, state law, local law, common law or equity, state or federal securities laws, any state's consumer protection laws, unjust enrichment, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, for any relief whatsoever, including monetary, sanctions or damage for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys'

fees, costs, or expenses, whether known or Unknown Claims, suspected or unsuspected, asserted or unasserted, accrued or not accrued, matured or unmatured, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that arise from or relate in any way to the MJ Capital Scheme and are against the Released Parties (excluding, for avoidance of doubt, any claims to enforce the Settlement or the Final Order and Judgment, any motions to compel the production of records in the SEC Action that have been or will be subpoenaed by the Receiver pursuant to her duties and powers under the Receiver Order or Expansion Order, and any claims to "claw back" funds or items of value transferred by the MJ Capital Receivership Entities to any of their owners, board members, managers, team leads, account representatives, or other promoters or investors, or any of the foregoing parties' related companies).  For explanatory purposes and in no way limiting the foregoing, it is the Global Parties' intent that the Receiver release any and all claims against Wells Fargo and its affiliate entities, but maintain her ability to "claw back" transfers to participants in the MJ Capital Scheme.

     1.29    "Released Claims" means any and all claims, defenses, actions, causes of action, suits, obligations, debts, offsets, setoffs, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, refunds, reimbursements, restitution, relief for contempt, and attorneys' fees of any nature whatsoever, whether arising under federal law, state law, local law, common law or equity, state or federal securities laws, any state's consumer protection laws, unjust enrichment, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, for any relief whatsoever, including monetary, sanctions or damage for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses,

whether known or Unknown Claims, suspected or unsuspected, asserted or unasserted, accrued or not accrued, matured or unmatured, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that arise from or relate in any way to the MJ Capital Scheme (excluding, for avoidance of doubt, any claims to enforce the Settlement or the Final Order and Judgment).

1.30    "Released Parties" means (1) Wells Fargo; (2) each of Wells Fargo's past, present, or future parents, holding companies, subsidiaries, affiliates, vendors, agents, successors, assignors, assignees, and/or assigns and their respective subsidiaries, affiliates, vendors, agents, successors, assignors, assignees, and/or assigns, and each of their respective present, former, or future officers, directors, shareholders, employees, representatives, consultants, accountants, and attorneys.  Released Parties specifically includes Wells Fargo & Company.

1.31    "Releasing Parties" or "Releasing Party" means the Settlement Class Members, including the Settlement Class Representatives, who do not timely opt out of the Settlement, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them; and Class Counsel.

1.32    "SEC Action" means the civil action captioned: *SEC v. MJ Capital Funding, LLC, et. al*, Civil Action No. 0:21-cv-61644-SINGHAL (S.D. Fla.).

1.33    "Service Award" shall have the meaning ascribed to it in Section 5.

1.34    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Settlement Agreement.

1.35    "Settlement Administrator" means the Receiver.

1.36    "Settlement Agreement" means this Settlement Agreement and its exhibits.

1.37    "Settlement Class" shall mean all persons and entities who invested money in the MJ Capital Scheme and suffered damages.  Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family; Defendant and its directors and officers; and "WELLS FARGO EMPLOYEE 1" and "WELLS FARGO EMPLOYEE 2" as alleged in the Amended Class Action Complaint filed in the Action.

1.38    "Settlement Class Members" means those persons who are members of the Settlement Class, including Plaintiffs.

1.39    "Settlement Class Representatives" means Plaintiffs Gilmer Bautista, Gilmer's Enterprise LLC, Hilda Mendoza, Juan Mendoza, Alejandro Diaz, and Tyler Witter.

1.40    "Settlement Fund" means the Consideration deposited in the Escrow Account and Preliminary Escrow Account and any interest or dividends that may accrue thereon.

1.41    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto), if any, imposed by any governmental authority with respect to the Escrow Account or Settlement Fund.

1.42    "Unknown Claims" means any and all Released Claims or Receiver's Released Claims that the Releasing Parties or Receiver, as applicable, does not know or suspect to exist in her, his, or its favor at the time of the release of the Released Parties, which if known by him, her, or it might have affected her, his, or its decision(s) with respect to the Settlement, including the decision to seek exclusion from or object to the Settlement.

1.43    The plural of any defined term includes the singular, and the singular of any defined term includes the plural.

1.44    Other terms are defined in the text of this Settlement Agreement and shall have the meaning given to those terms in the text. In all documents related to the Settlement, capitalized terms shall have the meanings given to them in this Settlement Agreement.

## 2.    CONDITIONS AND EFFECTIVENESS OF SETTLEMENT AGREEMENT.

2.1    This Settlement Agreement is expressly contingent upon the satisfaction, in full, of the conditions set forth below.

2.2    The Global Parties have signed the Settlement Agreement.

2.3    CAFA Notice.  In no event shall the Final Approval Hearing take place prior to the provision of effective CAFA notices.  The Final Order and Judgment shall make a finding that 28 U.S.C. § 1715 was fully complied with.

2.4    Entry of Preliminary Approval Order.  The Court shall enter a Preliminary Approval Order substantially in the form attached as Exhibit C, as described in Section 6.

2.5    Notice.  The Settlement Administrator shall cause the Notice to be sent to the individuals and entities and posted to the Settlement Website, as described in Section 7 and pursuant to the Preliminary Approval Order.

2.6    Final Order and Judgment.  The Court shall enter the Final Order and Judgment substantially in the form attached as Exhibit D, as described in Section 9.

2.7    No Injunctive Relief.  The Final Order And Judgment shall not provide for any injunctive relief against Defendant.

2.8    Finality of Judgment.  The Final Order and Judgment has become final and nonappealable as set forth in Section 1.13.

## 3.    THE SETTLEMENT CLASS

3.1    Plaintiffs shall seek, and Defendant shall not oppose, Preliminary Approval and then Final Approval of this Settlement Agreement on behalf of the Settlement Class.  If the

Settlement Agreement is not finally approved by the Court in the Action and the SEC Action for any reason whatsoever, then this Settlement Agreement will be void subject to Section 9 below (except as to the payment of all incurred or outstanding Notice and Administration Expenses and Taxes described in this Settlement Agreement), and no doctrine of waiver, estoppel or preclusion based on the Settlement Agreement will be asserted in any further litigated proceedings in this Action. No agreements made by or entered into by Defendant in connection with the Settlement Agreement may be used by Plaintiffs, Receiver, any Settlement Class Member or any other person or entity to establish any of the elements of liability in any further litigated proceedings, whether in the Action or any other judicial proceeding.

4.    **SETTLEMENT CONSIDERATION**

4.1    In consideration of the releases, covenants, and other agreements set forth in this Settlement Agreement, Defendant shall provide the following Consideration: Within thirty (30) days after the Court's entry of the Preliminary Approval Order, Wells Fargo will initially fund the Settlement Fund by depositing the sum of Two Hundred and Fifty Thousand Dollars ($250,000) into the Escrow Account with the Settlement Administrator to cover initial costs and expenses for implementing the Settlement, and the terms of the escrow agreement for the Escrow Account shall be subject to Wells Fargo's approval, which approval will not be unreasonably withheld. Within twenty (20) days after the entry of the Final Order and Judgment, Wells Fargo will fund the remainder of the Settlement Fund by depositing the sum of Twenty-Six Million Three Hundred and Seventy-Five Thousand Dollars ($26,375,000) into a preliminary escrow account (the "Preliminary Escrow Account"), to be established in an interest-bearing escrow account at a financial institution mutually agreeable to the Global Parties, with such financial institution serving as escrow agent, and governed by an escrow agreement to be agreed upon by the Global Parties. The funds in the Preliminary Escrow Account shall not be transferred to the Escrow Account (or

otherwise released to the Settlement Administrator) unless and until the Effective Date occurs, after which the Global Parties shall, within two (2) days of the Effective Date, jointly grant permission to the administrator for the Preliminary Escrow Account to accomplish such transfer of all funds including interest in the Preliminary Escrow Account to the Escrow Account.  If the Effective Date does not occur pursuant to Section 12.7, the entire contents of the Preliminary Escrow Account shall revert to Wells Fargo.  The Settlement Administrator and the escrow agent for the Preliminary Escrow Account shall complete and provide to Wells Fargo a Form W-9, wire instructions, and any other such forms or information necessary for Wells Fargo to fund the Settlement Fund and to otherwise implement this Settlement.

      4.2   <u>Tax Treatment.</u>  This Settlement Agreement is enforceable regardless of its tax consequences.  For each payment made pursuant to this Settlement Agreement, Wells Fargo and the Settlement Administrator, may each report each payment to government authorities including the Internal Revenue Service as required by law, and may make deductions and/or withholdings. The Settlement Administrator further may issue a Form 1099 to each Settlement Class Member. Settlement Class Members shall be solely responsible for the reporting and payment of any federal, state, and/or local income or other tax or any other withholdings, if any, on any of the payments made pursuant to this Settlement Agreement.  The Global Parties make no representations and it is understood and agreed that the Global Parties have made no representations as to the taxability of any portions of the settlement payments to any Settlement Class Members.  Wells Fargo makes no representations and it is understood and agreed that Wells Fargo has made no representations as to the taxability of the payment of any attorneys' fees and expenses, or the payment of any Service Award to the Settlement Class Representatives.  The Notice will advise Settlement Class Members to seek their own tax advice prior to acting in response to the Notice, and the Settlement

Class Representatives and Class Counsel agree that Settlement Class Members will have an adequate opportunity to seek tax advice prior to acting in response to the Notice.

4.3     Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to or arising out of the determination, administration, calculation, investment, allocation, distribution, or payment of award amounts or Distributions, the payment or withholding of taxes, or any losses incurred in connection therewith.  No person or entity shall have any claim against Released Parties, Receiver, Receiver's counsel and other professionals or agents, the estate of the MJ Capital Receivership Entities, Settlement Administrator, Settlement Administrator's counsel or other professionals or agents, Class Counsel or any other agent designated pursuant to this Settlement Agreement based upon any Distributions made substantially in accordance with this Settlement Agreement or any order of Court.

4.4     Other than the Consideration, Defendant shall owe no additional monies of any kind under this Settlement Agreement.

**5.     PAYMENT OF ATTORNEYS' FEES, COSTS & SERVICE AWARDS**

5.1     Within 45 days of Preliminary Approval, Class Counsel will move for, and Defendant shall not oppose, an award of attorneys' fees not to exceed 24.88% of the Consideration, which amount includes reimbursement of expenses and costs incurred, to be paid from the Consideration.

5.2     Within 30 days after the Effective Date or entry of an order approving the application for attorneys' fees (whichever is later), any award of attorneys' fees and costs shall be paid by the Settlement Administrator to Class Counsel from the Escrow Account, provided such account has been funded, according to wiring instructions that Class Counsel will provide to the Escrow Agent and Settlement Administrator within 4 days of entry of the Final Order and

Judgment specifying the payee, tax ID number, wire transfer instructions with a contact person name and phone number and an executed W-9 form (if necessary).

5.3     With the sole exception of Defendant causing the payment of the Consideration into the Escrow Account and Preliminary Escrow Account as provided for in Section 4, Defendant shall have no responsibility for, shall take no position with respect to, and have no liability whatsoever with respect to, any payment whatsoever to Class Counsel. The sole source of any payment of attorneys' fees or Service Awards shall be the Consideration deposited into the Escrow Account. Defendant shall have no responsibility for, and no liability whatsoever with respect to, any allocation of attorneys' fees or litigation expenses awarded in the Action.

5.4     This Settlement Agreement is not dependent or conditioned upon the Court's approving Plaintiffs' or Class Counsel's requests for attorneys' fees and cost reimbursement, or for Service Awards, or upon awarding the particular amount sought. In the event the Court declines Plaintiffs' or Class Counsel's requests, or awards less than the amounts sought, this Settlement Agreement shall continue to be effective and enforceable by the Global Parties. No appeal or proceeding seeking subsequent judicial review pertaining solely to the Court's award of attorneys' fees and cost reimbursement, or of Service Awards, shall in any way delay or affect the time set forth above for the Final Order and Judgment to become final, or otherwise preclude the Final Order and Judgment from becoming final.

5.5     In accepting this payment, the Settlement Class Representatives and Class Counsel, on behalf of themselves and all Settlement Class Members, acknowledge that the payment and method of payment of attorneys' fees and expenses under this Settlement Agreement are in full satisfaction of any and all claims, rights, and demands that Class Counsel, the Settlement Class Representatives, or the Settlement Class had, have, or may claim to have in the future for attorneys'

fees, costs, expenses, or any other payment in connection with legal services in this Action or pursuant to this Settlement Agreement.

5.6     Wells Fargo shall have no responsibility for, and no liability whatsoever with respect to, any tax obligations or any allocation among the Settlement Class Representatives and Class Counsel, and/or any other person who may assert some claim thereto, of any award or payment made in this Action or pursuant to this Settlement Agreement, including but not limited to any award or payment pursuant to this Section.  Class Counsel and the Settlement Class Representatives shall alone be responsible for the reporting and payment of any federal, state, and/or local income or other form of tax on any payment made pursuant to this Section.

5.7     The Parties acknowledge that on Sept. 17, 2020, a panel of the U.S. Court of Appeals for the Eleventh Circuit entered an order that forbids Service Awards for lead plaintiffs in class settlements in this Circuit. *See Johnson v. NPAS Solutions, LLC*, No. 18-12344, 2020 WL 5553312 (11th Cir. Sept. 17, 2020), and that a petition for rehearing *en banc* was denied by the Eleventh Circuit.  Plaintiffs may seek Service Awards of $3,000 each to be paid from the Settlement Fund by advancing the argument that *Johnson* does not apply to limit service awards relating to state-law claims.  In addition, the parties agree that should the U.S. Supreme Court issue an opinion resulting in a reversal of the *Johnson* opinion's prohibition on Service Awards prior to the entry of the Final Order and Judgment, then within 30 days after the Effective Date or as soon as reasonably practicable following the funding of the Settlement Fund with the entire Consideration, the Settlement Class Representatives (except Gilmer's Enterprise LLC) shall receive Service Awards of $3,000 each to be paid from the Settlement Fund.  The Parties recognize and agree that the Service Awards to Settlement Class Representatives are solely to compensate the Settlement Class Representatives for their work done on behalf of the Settlement Class, and

shall be provided only in the event (i) the Court grants Class Representatives' request or (ii) the U.S. Supreme Court issues the opinion described above prior to the entry of the Final Order and Judgment. Plaintiffs may request, and Defendant shall not oppose, the Court to retain jurisdiction over the issue of Service Awards should any subsequent review of *Johnson* by the Supreme Court of the United States not be completed prior to entry of the Final Order and Judgment; provided that, if Plaintiffs intend to make such request, within 7 days of entry of the Final Order and Judgment, Plaintiffs will provide notice of such request to the Settlement Administrator to reserve the appropriate amounts for the potential Service Awards, and, the Settlement Administrator will reserve such amounts until the Distribution date of the Net Consideration.  In the event the Service Awards have not been approved by the Court prior to the Distribution date of the Net Consideration, the reserved funds shall constitute an asset of the estate of the MJ Capital Receivership Entities and be disbursed in a manner approved by the Court in the SEC Action.

## 6. **PRELIMINARY APPROVAL**

6.1     After good faith consultation with counsel for Wells Fargo, and within fourteen (14) days of execution of this Settlement Agreement, Plaintiffs shall move the Court for entry of a proposed Preliminary Approval Order substantially in the form of Exhibit C hereto.  Plaintiffs' motion shall request that the Court:

6.1.1   certify the Settlement Class for settlement purposes only, confirm the appointment of Plaintiffs as the Settlement Class Representatives for settlement purposes, confirm the appointment of Class Counsel as counsel for the Settlement Class for settlement purposes, and confirm the appointment of the Receiver as the Settlement Administrator for settlement purposes;

6.1.2   authorize the Settlement Administrator to take all reasonable steps to comply with the terms of this Settlement Agreement, including, but not limited to, engaging professionals and service providers to assist with her duties;

6.1.3    authorize the Settlement Administrator to incur and pay Notice and Administration Expenses and Taxes with funds from the Settlement Fund without the need for further court approval;

6.1.4    preliminarily approve the Settlement Agreement as fair, adequate and reasonable, and within the reasonable range of possible final approval;

6.1.5    approve the form and content of the Notice, including the Claim Form, and find that the notice program set forth constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

6.1.6    set the date and time for the Final Approval Hearing at least 150 days after the date of entry of the Preliminary Approval Order, which may be continued by the Court from time to time without the necessity of further notice;

6.1.7    establish a procedure for Additional Claimants to submit completed Claim Forms and set a date, at least 60 days after the Settlement Administrator sends Notice, after which no Additional Claimant shall be allowed to submit a Claim Form;

6.1.8    establish procedures for Settlement Class Members to object to or exclude themselves from the Settlement, and set the Objection Deadline and the Opt-Out Deadline at least 45 days after the Settlement Administrator sends Notice, and not later than 45 days prior to the Final Approval Hearing, after which no Settlement Class Member shall be allowed to object to or opt out of the Settlement.

6.1.9    stay all proceedings in the Action against Defendant, other than proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement;

6.1.10    pending entry of a Final Order and Judgment, and upon expiration of the Opt-Out Deadline, preliminarily enjoin each Settlement Class Member from filing, commencing,

maintaining, prosecuting, intervening in, participating in (as class members or otherwise), or pursuing directly, representatively, or in any other capacity any Released Claim in any court or arbitration forum;

6.1.11   pending entry of a Final Order and Judgment, preliminarily enjoin Receiver from filing, commencing, maintaining, prosecuting, intervening in, participating in (as a class member or otherwise), or pursuing directly, representatively, or in any other capacity any Receiver's Released Claim in any court or arbitration forum; and

6.1.12   authorize the Global Parties to take all necessary and appropriate steps to implement the terms of this Settlement Agreement.

6.2   Receiver shall move the Court for entry of an order in the SEC Action: (a) approving this Settlement Agreement, subject to the Court's final approval of the Settlement Agreement in the Action and entry of the Final Order and Judgment in the Action, (b) approving the Receiver serving as the Settlement Administrator under this Settlement Agreement and authorizing her to take all reasonable steps to comply with the terms of this Settlement Agreement, including, but not limited to, engaging professionals and service providers to assist with her duties and providing the Distributions as described in this Settlement Agreement, (c) authorizing the Settlement Administrator to incur and pay Notice and Administration Expenses and Taxes with funds from the Settlement Fund without the need for further court approval, and (d) approving the procedure described herein to allow Additional Claimants to submit Claim Forms to the Settlement Administrator.

## 7.   <u>NOTIFICATION AND ADMINISTRATION PROCESS</u>

7.1   The Settlement Administrator shall be solely responsible for the Notice and administration of the Settlement, including but not limited to giving Notice to Settlement Class Members; obtaining new addresses for any returned mail; maintaining records of all its activities

relating to Notice and administration of this Settlement; and other tasks reasonably required to effectuate this Settlement Agreement as described herein.

7.2     The notification and administration process for the Settlement shall take into account that the Receiver has already implemented a claims process in the SEC Action pursuant to the Court's Order Granting Receiver's Motion to (I) Establish Bar Date for Claims; (II) Approve Form and Manner of Notice; (III) Approve Proof of Claim Form; and (IV) Approve Claim Submission and Administration Procedures [Doc. 125], entered on March 21, 2022 (the "Receiver's Claim Process Order"), which set July 19, 2022 a claims bar date in the SEC Action (the "Receiver's Bar Date") and provides the claim submission and administration procedures (the "Receiver's Claim Process"). Specifically, and as set forth in the accompanying form of Notice (Exhibit A) and Claim Form (Exhibit B):

7.2.1   the Notice shall be sent to all Settlement Class Members to whom the Receiver previously provided notice of the claim process in the SEC Action pursuant to the Receiver's Claim Process Order, as well as any additional investors that may have subsequently been identified by the Receiver, as described in Section 7.3.1;

7.2.2   any Settlement Class Member who has previously returned a proof of claim form to the Receiver by the Receiver's Bar Date will not be required to return a Claim Form in order to participate in the Settlement, though they will be advised in the Notice of their right to opt out of the Settlement or object, and such proof of claim form will be reviewed under the Receiver's Claim Process;

7.2.3   any Settlement Class Member who chose not to, or otherwise failed to, timely return a proof of claim form to the Receiver previously by the Receiver's Bar Date under the procedures set forth in the Receiver's Claim Process Order, may submit a Claim Form to the

Settlement Administrator within 60 days after the Settlement Administrator sends Notice seeking to establish their eligibility and indicating their intention to participate in the Settlement (an "Additional Claimant"), which Claim Form will be subject to the Settlement Administrator's review under the Receiver's Claim Process; and

7.2.4   any Settlement Class Member who seeks to be a Participating Settlement Class Member and thus eligible to receive a *Pro Rata* Share of the Net Consideration must have previously filed a proof of claim form by the Receiver's Bar Date or timely submit a Claim Form to the Settlement Administrator as an Additional Claimant, and all such claims will be reviewed by the Settlement Administrator using the Receiver's Claim Process to determine Allowed Claims (as defined in below in this Section).

7.3   The Settlement Administrator shall provide email notice and, where necessary, mail notice to Settlement Class Members, as follows:

7.3.1   Notice. The Settlement Administrator will provide individual notice to all Settlement Class Members as follows:

(a)   E-mail Notice. The Notice shall first be sent by e-mail to all Settlement Class Members for whom the Receiver has an e-mail address (the "E-mail Notice"). E-mails sent shall have a "return receipt" or other such function that permits the Settlement Administrator to reasonably determine whether e-mails have been delivered and/or opened. E-mails shall have a hyperlink that class member recipients may click and be taken to a landing page on the Settlement Website.  For any Notice that is returned as undeliverable, the Settlement Administrator or its sending agent shall attempt to locate an alternative email or mailing address for the Settlement Class Member and re-send the Notice promptly.

(b)     <u>Mail Notice</u>. For Settlement Class Members for whom the Receiver has a mailing address, but not an associated e-mail address, and to those Settlement Class Members whose e-mails are returned as undeliverable, the Notice shall be sent to the most recent mailing address as reflected in the Receiver's records (the "Mail Notice"). Skip tracing shall be performed for all returned mail. All costs of skip tracing will be considered Notice and Administration Expenses.

(c)     Unless the Settlement Administrator receives a Notice returned from the United States Postal Service, as discussed below in this Paragraph, that Notice shall be deemed mailed and received by the individual or entity to whom it was sent five (5) days after mailing. In the event that subsequent to the first mailing of a Notice, and prior to fourteen (14) days before the Opt-Out Deadline, the Notice is returned to the Settlement Administrator by the United States Postal Service with a forwarding address for the recipient, the Settlement Administrator shall re-mail the Notice to that address, and the Notice will be deemed mailed at that point. If a Notice is returned without a forwarding address, the Settlement Administrator shall seek an address correction via an advanced address search or skip tracing, and then re-mail the Notice to any subsequently obtained address that the Settlement Administrator reasonably believes to be valid, and the Notice will be deemed mailed at that point. Nothing in this Paragraph shall be construed to extend the Opt-Out Deadline for any Class Member.

(d)     Notice shall be provided to all persons in the Settlement Class in accordance with the notice procedures described in this Settlement Agreement. Within 45 days after Preliminary Approval, the Settlement Administrator shall cause the Notice to be sent to all Settlement Class Members as described above.

(e)      No later than thirty (30) days after the Effective Date, the Settlement Administrator will provide to Wells Fargo a list of the names and addresses (including e-mail addresses) of all Settlement Class Members to whom the Notice was sent, which list and information therein shall constitute "Confidential" material under the Stipulated Protective Order entered in the Action.

7.3.2   Settlement Website and Receiver's Website. As soon as reasonably practicable following Preliminary Approval, the Settlement Administrator will create a webpage on which will be posted the content of the Notice as well as a link to the Notice (the "Settlement Website"), the complaint in the Action, the Preliminary Approval Order, motions for approval of the Settlement and for attorneys' fees and expenses, and the Final Order and Judgment.  The Settlement Administrator, in her discretion, may also include a Frequently Asked Questions (FAQ's) section and/or a number to call for additional information on the Settlement Website, which counsel for the Parties shall have the right to review and provide suggested content to the Settlement Administrator for consideration. The Receiver will add a readily identifiable section or page to the Receiver's website (https://kttlaw.com/mjcapital/) on which will be the link to the Settlement Website.  The Settlement Website shall remain open and accessible until the check stale date of the last round of Distributions.

7.4     The Settlement Administrator shall also be responsible for overseeing the calculation of, and implementing the distribution of, the Net Consideration to Settlement Class Members who timely filed a proof of claim under the Receiver's Claim Process Order or timely submitted a Claim Form as an Additional Claimant, and whose proof of claim or Claim Form has been approved by the Settlement Administrator using the Receiver's Claim Process (each an "Allowed Claim" and collectively, the "Allowed Claims"). Each Participating Settlement Class

Member who is a holder of an Allowed Claim shall receive his or her *Pro Rata* Share of the Net Consideration based on the amount of the Allowed Claim, less any amounts for the Disputed Claims Reserve, as that term is defined in Section 7.7 below. To determine the amount of Distributions, the Settlement Administrator will consider and review: (a) the proofs of claim and supporting documentation (such as copies of personal checks, cashier's checks, wire transfer advices, cash receipts, and other documents evidencing investment of funds, and copies of each signed investment contract) that Settlement Class Members previously submitted by the Receiver's Bar Date and/or that each Settlement Class Member who is an Additional Claimant timely submits; (b) total monetary amounts claimed by Settlement Class Members and the validity of those amounts based on bank reconstructions, investor contracts, and other information to the extent available; (c) total monetary amounts paid or returned to Settlement Class Members, whether in the form of interest payments, return of capital or other payments, and the validity of those payments or returns based on bank reconstructions, investor contracts and other information to the extent available; (d) the Settlement Class Member's role, if any, as a board member, officer, director, owner, manager, team leader, account representative or other insider of any MJ Capital Receivership Entities or affiliate; and (e) any knowing assistance given by the Settlement Class Member to any MJ Receivership Entities or affiliate to effectuate, perpetuate or promote the MJ Capital Scheme, or knowledge of the fraudulent nature of the MJ Capital Scheme at the time funds were transferred to, or a debt was incurred by, such Settlement Class Member.  Based on these considerations, and provided that the Settlement Class Member did not provide knowing assistance or have knowledge as described in subsection (e) above, the Settlement Administrator will determine a net cash amount based on total monetary amounts invested less total monetary amounts paid or returned, and apply a distribution methodology.  The Settlement Administrator

will calculate the Distribution amounts to Participating Settlement Class Members who hold Allowed Claims based on the Net Consideration, less any amounts for the Disputed Claims Reserve.  For Settlement Class Members who timely filed a proof of claim under the Receiver's Claim Process Order, in the event the Settlement Administrator or Receiver rejects, in whole or in part, a timely proof of claim, notice and an opportunity for reconsideration and appeal will be provided as described in paragraph 18 of the Receiver's Claim Process Order, which provides that: (a) the Receiver will apprise the claimant via first class mail and/or email of the rejection of the proof of claim, the basis for the rejection, and the process for appealing such rejection (the "Rejection Notice"); (b) within 60 days after service of the Rejection Notice (the "Reconsideration Deadline"), any claimant whose proof of claim is rejected by the Receiver, in whole or in part, may request that the Receiver reconsider that denial by sending the Receiver a letter seeking reconsideration of the Rejection Notice that states the basis of the Claim and response to the Rejection Notice (the "Reconsideration Letter"), which Reconsideration Letter must be actually delivered by the Reconsideration Deadline by courier service, hand delivery, or mail addressed to MJ Capital Claims c/o Stretto 410 Exchange, Ste. 100, Irvine, CA 92602, or electronic mail, as an attachment in portable document format (.pdf), to TeamMJCapital@stretto.com; (c) the Receiver shall have 90 days after receipt of a timely Reconsideration Letter to reconsider a request by a claimant whose proof of claim was initially rejected by the Receiver, and to apprise the claimant via first class mail and/or email of the reconsideration or rejection of the claim (the "Final Determination Notice"); (d) within 30 days of service of the Final Determination Notice (the "Appeal Deadline"), any claimant whose proof of claim was finally rejected by a Final Determination Notice may appeal the Receiver's rejection of the claim to the Court by timely filing in the SEC Action an Appeal of Final Determination Notice which must state the basis of the Claim

and the claimant's response to the Final Determination Notice; and (e) the Receiver's Response to an appeal filed with the Court in the SEC Action shall be due within 30 days after such appeal is filed. Following the time for the response, the Court, in the SEC Action, may make a final determination or may set the matter for hearing. A final determination by the Court is final for all purposes. Any Settlement Class Member who receives a Rejection Notice or Final Determination Notice, but fails to file in a timely manner or in a proper form a Reconsideration Letter by the Reconsideration Deadline or an Appeal of Final Determination Notice by the Appeal Deadline shall be denied any Distribution from the Settlement Fund.

For Additional Claimants who timely submit a Claim Form, in the event the Settlement Administrator rejects, in whole or in part, a timely Claim Form, the following notice and an opportunity for reconsideration and appeal will be provided: (a) the Settlement Administrator will apprise the Additional Claimant via first class mail and/or email of the rejection of the Claim Form, the basis for the rejection, and the process for appealing such rejection (the "Additional Claimant Rejection Notice"); (b) within 60 days after service of the Additional Claimant Rejection Notice (the "Additional Claimant Reconsideration Deadline"), an Additional Claimant whose Claim Form is rejected by the Settlement Administrator, in whole or in part, may request that the Settlement Administrator reconsider that denial by sending the Settlement Administrator a letter seeking reconsideration of the Additional Claimant Rejection Notice that states the basis of the Claim and response to the Additional Claimant Rejection Notice (the "Additional Claimant Reconsideration Letter"), which Additional Claimant Reconsideration Letter must be actually delivered by the Additional Claimant Reconsideration Deadline to the Settlement Administrator's claims agent by courier service, hand delivery, or U.S. Mail, or electronic mail as an attachment in portable document format (.pdf); (c) the Settlement Administrator shall have 90 days after

receipt of a timely Additional Claimant Reconsideration Letter to reconsider a request by an Additional Claimant whose Claim Form was initially rejected by the Settlement Administrator, and to apprise the Additional Claimant via first class mail and/or email of the reconsideration or rejection of the claim (the "Additional Claimant Final Determination Notice"); (d) within 30 days of service of the Additional Claimant Final Determination Notice (the "Additional Claimant Appeal Deadline"), any Additional Claimant whose Claim Form was finally rejected by an Additional Claimant Final Determination Notice may appeal the Settlement Administrator's rejection of the claim to the Court by timely filing in the Action, and sending to the Settlement Administrator, an Appeal of Additional Claimant Final Determination Notice, which must state the basis of the claim and the Additional Claimant's response to the Additional Claimant Final Determination Notice; and (e) the Settlement Administrator's response to an appeal filed with the Court in the Action shall be due within 30 days after such appeal is filed and notice is provided to the Settlement Administrator. An Additional Claimant must provide timely notice of any Appeal of Additional Claimant Final Determination Notice to the Settlement Administrator via U.S. Mail. Following the time for the response, the Court, in the Action, may make a final determination or may set the matter for hearing. A final determination by the Court is final for all purposes. Any Additional Claimant who receives an Additional Claimant Rejection Notice or Additional Claimant Final Determination Notice, but fails to file in a timely manner or in a proper form an Additional Claimant Reconsideration Letter by the Additional Claimant Reconsideration Deadline or an Appeal of Additional Claimant Final Determination Notice by the Additional Claimant Appeal Deadline, shall be denied any Distribution from the Settlement Fund.

7.5     All Notice and Administration Expenses of the Settlement shall be paid from the Settlement Fund. The Settlement Administrator shall be allowed to obtain reimbursement for its

Notice and Administration Expenses from the Settlement Fund, and pay Notice and Administration Expenses and Taxes, without leave of Court. Itemization of the Settlement Administrator's Notice and Administration Expenses shall be provided to counsel to the Parties upon request.

7.6     The Escrow Agent shall disburse the Net Consideration from the Escrow Account to the Settlement Administrator as directed by the Settlement Administrator. The Settlement Administrator thereafter shall cause the Distributions to be distributed to Participating Settlement Class Members who are holders of Allowed Claims, consistent with the provisions of this Settlement Agreement without the need for further court approval.  Checks shall be valid for 120 days after the Distribution date and the checks shall state "void after 120 days" or words to that effect.

7.7     In the event the Settlement Administrator provides a Distribution to Participating Settlement Class Members who hold Allowed Claims prior to the final resolution of all proofs of claim that the Receiver or Settlement Administrator has rejected, in whole or in part, for which the applicable Participating Settlement Class Member has timely sought reconsideration or appeal as described in paragraph 18 of the Receiver's Claim Process Order (the "Disputed Claims"), the Settlement Administrator will reserve from the Distribution an amount equal to 100% of the amount of the Distribution that the holders of the Disputed Claims would receive if such Disputed Claims were Allowed Claims in their Disputed Claim amount (the "Disputed Claims Reserve"). A Participating Settlement Class Member who holds a Disputed Claim that is resolved on a final basis that provides for an Allowed Claim amount, as approved by the Court or agreed to by the Settlement Administrator, will receive a distribution on behalf of an Allowed Claim from the Disputed Claims Reserve.  To the extent a Disputed Claim does not become an Allowed Claim, or becomes an Allowed Claim in an amount less than the Disputed Claim, the excess funds in the

Disputed Claims Reserve shall be redistributed *pro rata* to Participating Settlement Class Members who are holders of Allowed Claims if such a distribution is economically feasible, and if not, they shall constitute an asset of the estate of the MJ Capital Receivership Entities and disbursed in a manner approved by the Court in the SEC Action.

7.8     The Settlement Administrator shall endeavor to cause the entire Net Consideration to be distributed to Participating Settlement Class Members who are holders of Allowed Claims, except as otherwise contemplated herein. No portion of the Settlement Fund will revert to Defendant. Any amount of the Settlement Fund that, due to uncashed checks, remains under the control of the Settlement Administrator 180 days after payment of all Distributions to Participating Settlement Class Members with Allowed Claims may, as determined by the Settlement Administrator, be redistributed *pro rata* to Participating Settlement Class Members who are holders of Allowed Claims whose checks were cashed if economically feasible, or constitute an asset of the estate of the MJ Capital Receivership Entities and disbursed in a manner approved by the Court in the SEC Action.

7.9     Neither Defendant nor its counsel shall have any role in allocating the payment of Distributions from the Settlement Fund.

7.10    No later than 21 days prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court an affidavit or a declaration stating that the Notice required by the Settlement Agreement has been given in accordance with the terms of the Preliminary Approval Order.

7.11    In conformance with the time limitations set forth in 28 U.S.C. § 1715(b), Defendant within 10 days after the filing of the motion for preliminary approval will cause the CAFA Notice to be prepared and sent to the appropriate officials.  No later than 21 days prior to

the Final Approval Hearing, Defendant shall file with the Court an affidavit or declaration stating that the CAFA Notice has been given in accordance with the statutory requirements.

       **8.**      **OPT-OUTS AND OBJECTIONS**

       8.1     Any Settlement Class Member who wishes to be excluded from the Settlement Classes must advise the Global Parties in writing of that intent and the opt-out request must be mailed to the Global Parties and postmarked no later than the Opt-Out Deadline. Settlement Class Members who do not properly and timely submit an opt-out request will be bound by this Settlement Agreement and the Final Order and Judgment, including the releases.

       8.2     Any Settlement Class Member who submits a valid and timely request for exclusion will not be bound by the terms of this Settlement Agreement.  In a written request for exclusion, the Settlement Class Member must state: the Settlement Class Member's full name; the Settlement Class Member's address, telephone number, and email address; a statement indicating that they are a member of the Settlement Class and wish to be excluded from the Settlement; and the Settlement Class Member's signature.

       8.3     Any Settlement Class Member who intends to object to this Settlement Agreement or to Class Counsel's application for attorneys' fees, reimbursement of costs, or Service Awards to Settlement Class Representatives must file with the Court a written objection signed by the Settlement Class Member by the Objection Deadline.  For an objection to be considered by the Court, the objection must be filed with the Court and must include the following:

           (a)     the Settlement Class Member's full name, address, email address, and telephone number;

           (b)     an explanation of the basis upon which the objector claims to be a Settlement Class Member;

(c)     whether the objection applies only to the objector, or to the Settlement Class as a whole, and the reasons for his, her or its objection, accompanied by any legal or factual support for the objection;

(d)     the name of counsel for the objector (if any), including any current or former counsel who may seek or receive compensation for any reason related to the objection;

(e)     the case name and civil action number of any other objections the objector or his or her or its counsel have made in any other class action cases in the last 5 years; and

(f)     whether the objector intends to appear at the Final Approval Hearing on his or her or its own behalf or through counsel. Counsel for any objector must enter a Notice of Appearance no later than 14 days before the Final Approval Hearing.

8.4     Any Settlement Class Member who timely and properly objects may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense.

8.5     A Settlement Class Member may not both opt out of the Settlement and object.  If a Settlement Class Member submits both a request for exclusion and an objection, the request for exclusion will control. A Settlement Class Member who opts out of the Settlement may not object to the fairness of this Settlement Agreement.

8.6     Any Settlement Class Member who does not make an objection in the time and manner set forth herein shall be deemed to have waived any objections and be forever foreclosed from making any objection to the fairness or adequacy of the Settlement, including but not limited to the compensation of Settlement Class Members, the award of attorneys' fees and reimbursement of costs, the Service Awards or the Final Order and Judgment.

8.7    The Settlement Administrator shall provide Class Counsel and counsel for Defendant with copies of all opt-out notifications she received and, within 14 days after the Opt-out Deadline, shall provide counsel with a final list of all who have timely and validly excluded themselves from the Settlement Class.

## 9.    **FINAL ORDER AND JUDGMENT**

9.1    After the Settlement Agreement is approved preliminarily by the Court, Plaintiffs shall move for Final Approval of the Settlement no later than 30 days prior to the Final Approval Hearing.  Plaintiffs' motion shall attach a proposed Final Order and Judgment substantially in the form of Exhibit D hereto.

9.2    For the Effective Date to occur, the Court must enter a Final Order and Judgment:

9.2.1    finding that (i) the Court has personal jurisdiction over the Settlement Class Members, (ii) the Court has subject-matter jurisdiction over the claims asserted in the Action, and (iii) venue is proper;

9.2.2    finally certifying the Settlement Class for settlement purposes only;

9.2.3    approving this Settlement Agreement without modification (except insofar as the Global Parties have agreed to such modification) as fair, reasonable and adequate to the Settlement Class and direct its consummation according to its terms;

9.2.4    finding that the form and manner of notice implemented pursuant to this Settlement Agreement constitutes the best notice practicable under the circumstances; constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of Plaintiffs' claims, the terms of the proposed Settlement, the right to object to or exclude themselves from the proposed Settlement, and the right to appear at the Final Approval Hearing; constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and meets the requirements of due process and applicable rules of civil procedure;

32

9.2.5   finding that all members of the Settlement Class (except those who have timely and validly excluded themselves) shall be bound by this Settlement Agreement, including the release provisions and covenant not to sue;

9.2.6   directing that upon the Effective Date, judgment be entered with respect to the Released Claims of Settlement Class Members (who did not timely and validly exclude themselves) and with respect to the Receiver's Released Claims, and dismissing the Action with prejudice;

9.2.7   permanently barring and enjoining the Settlement Class Representatives and all Settlement Class Members who did not timely and validly exclude themselves from filing, commencing, maintaining, prosecuting, intervening in, participating in (as class members or otherwise), or pursuing directly, representatively, or in any other capacity any Released Claim in any court or arbitration forum;

9.2.8   permanently barring and enjoining Receiver from filing, commencing, maintaining, prosecuting, intervening in, participating in (as a class member or otherwise), or pursuing directly, representatively, or in any other capacity any Receiver's Released Claim in any court or arbitration forum;

9.2.9   permanently barring and enjoining Receiver, the Settlement Class Representatives and all Settlement Class Members who did not timely and validly exclude themselves from organizing Settlement Class Members, or forming or soliciting the participation of class members in, a separate class or group for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims against any Released Parties);

9.2.10  incorporating the release and covenant not to sue set forth in the Settlement Agreement, and forever barring any claims or liabilities related to any Released Claims; and

9.2.11  retaining continuing and exclusive jurisdiction over matters relating to the interpretation, administration, implementation, and enforcement of this Settlement Agreement.

**10.**     **RELEASE OF CLAIMS AND COVENANT NOT TO SUE**

10.1     As of the Effective Date, the Releasing Parties shall be deemed to have fully, finally and forever released and discharged the Released Parties from the Released Claims, and the Receiver shall be deemed to have fully, finally and forever released and discharged the Released Parties from the Receiver's Released Claims.

10.2     With respect to any and all Released Claims and Receiver's Released Claims, the Global Parties stipulate and agree that, upon the Effective Date, the Releasing Parties and Receiver, respectively, expressly have, and by operation of the Final Order and Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

10.3     Releasing Parties and Receiver understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Releasing Parties and

Receiver acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Released Claims or as to Receiver, the Receiver's Released Claims, but that they release fully, finally, and forever all Released Claims and Receiver's Released Claims, respectively, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, contract, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. In furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts.  The Global Parties acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Receiver's Released Claims was separately bargained for and was a material element of the Settlement.

      10.4     Plaintiffs, each Settlement Class Member, and the Receiver, further covenant and agree that they will not sue or bring any action or cause of action, or seek restitution or other forms of monetary relief, including by way of third-party claim, crossclaim, or counterclaim, against any of the Released Parties in respect of any of the Released Claims or the Receiver's Released Claims, as applicable; they will not initiate or participate in bringing or pursuing any class action against any of the Released Parties in respect of any of the Released Claims or the Receiver's Released Claims, as applicable; if involuntarily included in any such class action, they will not participate therein; and they will not assist any third party in initiating or pursuing a class action lawsuit in respect of any of the Released Claims or the Receiver's Released Claims, as applicable.

10.5     The releases set forth in this Section may be raised as a complete defense and bar to any action or demand brought in contravention of this Settlement Agreement.

10.6     It is expressly understood and acknowledged by the Parties that the release and covenant not to sue set forth in this Section together constitute essential and material terms of the Settlement Agreement to be included in the proposed Final Order and Judgment.

## 11.     REPRESENTATIONS AND WARRANTIES

11.1     The Settlement Class Representatives represent and warrant that they have not assigned or otherwise transferred any interest in any of the Released Claims against any Released Parties, and further covenant that they will not assign or otherwise transfer any interest in any of the Settlement Class Representatives' Released Claims.

11.2     The Settlement Class Representatives represent and warrant that upon the Effective Date, they have no surviving claim or cause of action against any of the Released Parties with respect to any of the Released Claims.

11.3     The Global Parties, and each of them on his, her, or its own behalf only, represent and warrant that they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations and mediation; that in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Settlement Agreement by representations, statements or omissions pertaining to any of the foregoing matters by any Global Party or by any person representing any Global Party to the Settlement Agreement.  Each of the Global Parties assumes the risk of mistake as to facts or law.

## 12.   INTERIM STAY AND POTENTIAL TERMINATION OF SETTLEMENT

12.1    Plaintiffs and Defendant shall move the Court to stay, or continue to stay, all proceedings in the Action except as may be necessary to implement the Settlement. Pending determination of whether the Settlement should be granted final approval, the Parties agree not to pursue any claims or defenses otherwise available to them, and further agree that the Final Order and Judgment shall include an injunction that no person who has not opted out of the Settlement Class and no person acting or purporting to act directly or on behalf of a Settlement Class Member, or acting on a representative basis or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims. The Settlement will be conditioned upon the entry of such an injunction in the Final Order and Judgment. Pending determination of whether the Settlement should be granted final approval, the Receiver agrees not to pursue any claims otherwise available to her against the Released Parties relating to the Receiver's Released Claims.

12.2    The terms of this Settlement Agreement, including the fact of the proposed Settlement, shall remain completely confidential until all documents are executed and a motion for preliminary approval of the Settlement is filed with the Court; provided, however, that the Parties may jointly report the pendency of the Settlement to the Court in the Action, and the Receiver may report the pendency of the Settlement to the Court in the SEC Action and file a motion to approve the Settlement Agreement in the SEC Action.  Defendant may, at its sole discretion, disclose the terms of this Settlement Agreement to its auditors and other parties as reasonably necessary.

12.3    To the extent Congress or any other relevant regulatory authority promulgates different requirements or any other law or regulatory promulgation that would govern any conduct affected by the Settlement, those laws and regulatory provisions shall control.  However, the

Parties agree that changes in law shall not provide any basis for any attempt to alter, modify or invalidate this Settlement Agreement.

12.4    Plaintiffs, Defendant and Receiver shall each individually have the right to terminate the Settlement and this Settlement Agreement by providing written notice of his, her, or its election to do so ("Termination Notice"), through counsel, to all other Global Parties hereto within 14 days of any of the following occurrences, subject to the good faith efforts described below: (i) the Court declines to preliminarily or finally approve the Settlement Agreement, or the Court (or any other court) requires material modifications of the Settlement Agreement, and the Global Parties do not jointly agree to accept the Settlement Agreement as judicially modified or are unable to jointly agree to modify the Settlement Agreement for resubmission to the Court for approval; (ii) the Court determines that it lacks jurisdiction to approve the Settlement Agreement; and/or (iii) other grounds for termination provided for elsewhere in this Settlement Agreement occur, specifically giving a Global Party the right under the Settlement Agreement to terminate the Settlement Agreement.  Reductions in the amount of the requested attorneys' fees and expenses or Service Award shall not be deemed a material modification allowing termination of the Settlement.

12.5    If either Plaintiffs, Defendant or Receiver terminate this Settlement Agreement, the Settlement Agreement and the conditional class certification provided herein shall be of no force and effect and the Global Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Settlement Agreement had never been executed, any orders entered by the Court in connection with this Settlement Agreement shall be vacated,  and evidence relating to the  Settlement Agreement and all negotiations shall not be admissible or discoverable in the Action or in any other proceeding (except as to the payment of all incurred or outstanding Notice and Administration Expenses and Taxes described in this Paragraph).  In addition, neither this

Settlement Agreement, the preliminary certification of the Class, the Preliminary Approval Order, nor any other document in any way relating to any of the foregoing, shall be relied on, referred to, or used by anyone in any way for any purpose in connection with any further proceedings in this Action and/or any action, lawsuit, arbitration, or proceeding involving a Released Claim or Receiver's Released Claim.  Furthermore, (i) no further payments shall be made by Wells Fargo to anyone in accordance with the terms of this Settlement Agreement, (ii) all funds paid by Wells Fargo pursuant to Section 4 will be returned to Wells Fargo (except as, and less the amounts, provided in the final sentence of this Paragraph), (iii) the Global Parties will bear their own costs and fees with regard to the efforts to obtain Court approval, and (iv) this Settlement Agreement shall be deemed null and void with no effect on the Action whatsoever (except as to the payment of all incurred or outstanding Notice and Administration Expenses and Taxes described this Paragraph).  If the Settlement was terminated by the Plaintiffs or Defendant as described in Paragraph 12.4, subsection (iii) above, that terminating Party shall bear the incurred or outstanding Notice and Administration Expenses and Taxes and reimburse the Defendant for paid Notice and Administration Expenses and Taxes, as applicable, and if the Settlement was terminated by the Receiver or through operation of subsections (i)-(ii) of Paragraph 12.4 above, the Defendant shall bear the incurred and outstanding Notice and Administration Expenses and Taxes.

12.6     In the event that (a) 2% or more Settlement Class Members or (b) Settlement Class Members who in the aggregate claimed $2,000,000 or more in the SEC Action exclude themselves from the Settlement Class, Wells Fargo shall have the unilateral right to terminate this Settlement Agreement in its sole and absolute discretion, and in such case, each and every one of Wells Fargo's obligations under this Settlement Agreement shall cease to be of any force and effect (except as to the payment of all incurred or outstanding Notice and Administration Expenses and

Taxes described in Section 12.5), and this Settlement Agreement and any orders entered into in connection therewith shall be vacated, rescinded, cancelled, and annulled (except for any provision included in the Preliminary Approval Order substantially similar to paragraphs 34 and 35 of the Preliminary Approval Order attached as Exhibit C).  If Wells Fargo exercises this option, the Parties shall return to the status quo in the Action as if the Parties had not entered into this Settlement Agreement.  In addition, in such event, the Settlement Agreement and all negotiations, Court orders, and proceedings relating thereto shall be without prejudice to the rights of the Global Parties, and each of them, and evidence relating to the Settlement Agreement and all negotiations shall not be admissible or discoverable in the Action or in any other proceeding.  Wells Fargo must exercise this option pursuant to this Paragraph within fourteen (14) days after receiving the list of opt outs from the Settlement Administrator, by giving written notice of such exercise to Class Counsel and Receiver.

12.7    This Settlement of the Action is contingent upon U.S. District Court approval. Absent Court approval there is no Settlement of the Action.  If the Settlement of the Action is not consummated for any reason (including if the Court does not approve the Settlement of the Action), then all rights of parties in the Action and the Receiver are fully preserved.  If any material portion of the Settlement Agreement or the Final Order and Judgment is vacated, modified, or otherwise altered on appeal, each of the Global Parties may, in their sole discretion, within fourteen (14) days of such appellate ruling, declare that the Settlement Agreement has failed to become effective, and in such circumstances the Settlement Agreement shall cease to be of any force and effect (except the return of the Settlement Fund to Wells Fargo, less amounts used by the Settlement Administrator to pay Notice and Administration Expenses and Taxes, as contemplated in Section 4.1 and 12.5 shall occur).

12.8    If the Settlement is terminated or not approved by the Court, the Effective Date does not occur, or the Settlement otherwise fails for any reason, the Global Parties agree to work collaboratively to effectuate this Settlement.  If for some reason it is not possible to do so, the Global Parties will work together in good faith to modify the terms herein as necessary to effectuate the Settlement Agreement.  In the event the Court (or any other court) disapproves or sets aside this Settlement Agreement or any material part hereof for any reason, then the Global Parties will either jointly agree to accept the Settlement Agreement as judicially modified or engage in negotiations in an effort to jointly agree to modify the Settlement Agreement for resubmission to the Court for approval.

12.9    The Global Parties may agree by stipulation executed by counsel to modifications of the exhibits to this Settlement Agreement to effectuate the purpose of this Settlement Agreement and/or to conform to guidance from the Court with regard to the contents of such exhibits without need for further amendment of this Settlement Agreement.  Any such stipulation shall be filed with the Court.  The Global Parties will not be required to stipulate to formatting or other non-substantive modifications to the exhibits to this Settlement Agreement.

12.10   Defendant hereby agrees to toll any unexpired periods of limitation, repose and laches which are or may be applicable to any and all claims that the Receiver may have against Defendant as of the date of this Settlement Agreement to a date that is 30 days after Final Approval, a final non-appealable order not approving the Settlement Agreement, or a final non-appealable order of an appellate court reversing an order of a lower court approving the Settlement Agreement.

### 13.    USE AND TAX TREATMENT OF THE CONSIDERATION

13.1    The Consideration shall be applied as follows and only as follows: (1) to pay any attorneys' fees and reimbursement of costs awarded by the Court; (2) to pay Notice and Administration Expenses; (3) to pay any Taxes; (4) to pay the Service Awards, if any, and as

described in this Settlement Agreement; (5) to pay any other costs, fees, or expenses approved by the Court; and (6) to pay the Net Consideration as described in this Settlement Agreement.

13.2    All funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be disbursed or returned, pursuant to the terms of this Settlement Agreement, or further Order of the Court. The interest from the Escrow Account will accrue *pro rata* to the benefit of the Settlement Class if the Court approves the Settlement of the Action.  But if the Court does not approve the Settlement of the Action, Section 12 applies.

13.3    The Parties agree that the Escrow Account is intended to be maintained as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. The Escrow Agent shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this Paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the sole responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to occur.

13.4    For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B promulgated thereunder, the "administrator" shall be the Escrow Agent, who shall be responsible for timely and properly filing, or causing to be filed, all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the

returns described in Treas. Reg. § 1.468B-2(k)). Those tax returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of those funds as provided in this Section.

13.5    All Taxes shall be paid by the Escrow Agent out of the Settlement Fund.

**14.     MEDIA AND NON-DISPARAGEMENT**

14.1    Class Counsel and the Receiver, and her counsel, agree that they shall not issue any press release on any wire service or directly to any media organization or to the general public relating to this Action or Settlement. In addition, Class Counsel and the Receiver, and her counsel, shall not give any quote or statement to any member of the media relating to this Action or Settlement. Notwithstanding the foregoing, Class Counsel and the Receiver may post a press release on their website, as long as it does not disparage the Released Parties. Class Counsel shall instruct Plaintiffs in writing not to give any quote or statement to any member of the media or to the general public, or otherwise post on social media relating to this Action or Settlement.

**15.     MISCELLANEOUS**

15.1    This Settlement Agreement and the exhibits hereto constitute the entire agreement between the Global Parties to resolve the Action. Any previous memoranda between the Global Parties regarding settlement of the Action are superseded by this Settlement Agreement. No representations, warranties or inducements have been made by any of the Global Parties regarding settlement of the Action, other than those representations, warranties, and covenants contained in this Settlement Agreement.

15.2    The Settlement compromises claims that are contested and will not be deemed an admission by any Party as to the merits of any claim or defense. Neither this Settlement Agreement, any provision thereof, any document prepared in connection with the Settlement, nor

any negotiations, statements and proceedings associated with the Settlement may be cited or used in any way in any proceeding as an admission by any Plaintiff, Defendant or Released Party, except that any and all provisions of the Settlement Agreement may be admitted into evidence and otherwise used in a proceeding to enforce any or all terms of the Settlement Agreement, or in defense of any claims released or barred by this Settlement Agreement.

15.3    Class Counsel and Plaintiffs agree to return or destroy all Confidential Materials produced by Defendant in the Action within 60 days after the Effective Date consistent with the Stipulated Protective Order [Doc. 56] entered in the Action.  The Parties acknowledge that their duty to return or destroy all Confidential Information is a continuing duty and the Parties agree to return or destroy any such information found in the future.

15.4    This Settlement Agreement shall be governed by the laws of the State of Florida.

15.5    The Court shall retain continuing and exclusive jurisdiction over the Global Parties to this Settlement Agreement, including the Plaintiffs and all Settlement Class Members, for the express and limited purposes of the administration and enforcement of this Settlement Agreement. As part of its agreement to render services in connection with this Settlement Agreement, the Settlement Administrator also consents to the jurisdiction of the Court for this purpose.

15.6    This Settlement Agreement was drafted jointly by the Global Parties and, in construing and interpreting this Settlement Agreement, no provision of this Settlement Agreement shall be construed or interpreted against any Global Party based upon the contention that this Settlement Agreement or a portion of it was purportedly drafted or prepared by that Global Party.

15.7    The Global Parties shall cooperate in good faith in the administration of this Settlement Agreement and agree to use their best efforts to promptly execute all documents, seek

and defend Court approval of this Settlement Agreement, and to do all other things reasonably necessary to complete and effectuate the Settlement described in this Settlement Agreement.

15.8   This Settlement Agreement may be signed in counterparts, and the separate signature pages executed by or on behalf of the Global Parties by their counsel may be combined to create a document binding on all Global Parties and together shall constitute one and the same instrument.  Original signatures are not required. Any signature submitted by facsimile or as a .pdf file by email shall be deemed an original.

15.9   The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Global Parties.  Unless expressly stated otherwise, references to days in this Settlement Agreement refer to calendar days as opposed to business or court days.

15.10   Each person executing this Settlement Agreement on behalf of any of the Global Parties hereto represents that such person has the authority to so execute this Settlement Agreement.

15.11   This Settlement Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Defendant, Plaintiffs and Receiver.

15.12   Each Party acknowledges, agrees, and specifically warrants that he, she, or it has received independent legal advice with respect to the advisability of entering into this Settlement Agreement and the releases, the legal effects of this Settlement Agreement and the releases, and fully understands the effect of this Settlement Agreement and the releases.

15.13   The Global Parties, and each of them, acknowledge, warrant, represent, and agree that in executing and delivering this Settlement Agreement, through their counsel, they do so

freely, knowingly, and voluntarily, that they had an opportunity to and did discuss its terms and their implications with legal counsel, that they are fully aware of the contents and effect of this Settlement, and that such execution and delivery is not the result of any fraud, duress, mistake, or undue influence whatsoever.

15.14   This Settlement Agreement shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Global Parties.

15.15   The Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of notices of the Settlement after the Final Order and Judgment is entered and becomes final.

15.16   Unless otherwise stated herein, any notice to Class Counsel, Defendant or Receiver required or provided for under this Settlement Agreement shall be in writing and sent by electronic mail or overnight mail to:

If to Class Counsel:

Jason Kellogg
Levine Kellogg Lehman Schneider + Grossman LLP
201 S. Biscayne Blvd., 22nd Floor
Miami, Florida 33131
jk@lklsg.com

and Curtis Miner

Colson Hicks Eidson, P.A.
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33133
curt@colson.com

and

Francisco R. Maderal, Jr.
Maderal Byrne PLLC
2800 Ponce de Leon Blvd. Suite 1100
Coral Gables, Florida 33146

frank@maderalbyrne.com

        If to Receiver:

Corali Lopez-Castro
Kozyak Tropin & Throckmorton
2525 Ponce de Leon Blvd, 9th Floor
Miami, Florida 33134
clc@kttlaw.com

and with copy to

Benjamin J. Widlanski
David L. Rosendorf
Bernice C. Lee
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida 33134
bwidlanski@kttlaw.com
dlr@kttlaw.com
blee@kttlaw.com

        If to counsel for Defendant:

Jarrod Shaw
Nellie Hestin
McGuireWoods LLP
Tower Two-Sixty 260 Forbes Avenue, Suite 1800
Pittsburgh, Pennsylvania 15222
jshaw@mcguirewoods.com
nhestin@mcguirewoods.com

The notice recipients and addresses designated above may be changed by written notice.

        **IN WITNESS WHEREOF**, the Global Parties hereto have caused this Settlement

Agreement to be executed, by their duly authorized attorneys, as of December ___, 2022.

        [SIGNATURE PAGE FOLLOWS]

47

**GILMER BAUTISTA**

By: _____

**ALEJANDRO DIAZ**

By: _____

**GILMER'S ENTERPRISE, LLC**

By: _____

**TYLER WITTER**

By: _____

**JUAN MENDOZA**

By: _____

**CORALI LOPEZ-CASTRO, SOLELY AS RECEIVER FOR THE MJ CAPITAL RECEIVERSHIP ENTITIES**

By: _____

**HILDA MENDOZA**

By: _____

**WELLS FARGO BANK, N.A.**

By: _Mary Mack_ _____

12/22/2022 | 12:55:25 PM PST

**GILMER BAUTISTA**

By: _GILMER BAUTISTA_ _____
      98913A5C3E93442...

**GILMER'S ENTERPRISE, LLC**

By: _GILMER BAUTISTA_ _____
      98913A5C3E93442...

**JUAN MENDOZA**

By: _____ _____
      6415A5763B3D429...

**HILDA MENDOZA**

By: _____ _____
      5CDAAE3F8D0640F...

**ALEJANDRO DIAZ**

By: _Alejandro Diaz_ _____
      C36D2C0F2E3548C...

**TYLER WITTER**

By: _____ _____
      5F1D96BC88434C7...

**CORALI LOPEZ-CASTRO, SOLELY
AS RECEIVER FOR THE MJ
CAPITAL RECEIVERSHIP ENTITIES**

By: _____

**WELLS FARGO BANK, N.A.**

By: _____

**GILMER BAUTISTA**

By: _____

**ALEJANDRO DIAZ**

By: _____

**GILMER'S ENTERPRISE, LLC**

By: _____

**TYLER WITTER**

By: _____

**JUAN MENDOZA**

By: _____

**CORALI LOPEZ-CASTRO, SOLELY
AS RECEIVER FOR THE MJ
CAPITAL RECEIVERSHIP ENTITIES**

By: _____

**HILDA MENDOZA**

By: _____

**WELLS FARGO BANK, N.A.**

By: _____

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

## IMPORTANT NOTICE ABOUT A PROPOSED CLASS ACTION SETTLEMENT THAT AFFECTS YOU

PLEASE READ THIS NOTICE CAREFULLY.
A FEDERAL COURT AUTHORIZED THIS NOTICE.
THIS IS NOT A SOLICITATION FROM A LAWYER.

A settlement of $26.625 million has been reached in a class action lawsuit brought by a group of Plaintiffs Gilmer Bautista, Gilmer's Enterprise LLC, Juan Mendoza, Alejandro Diaz, and Tyler Witter ("Plaintiffs"), who invested money in the "MJ Capital Scheme" (as further defined below).

Plaintiffs allege that they and many other investors were defrauded by the investment scheme Johanna Garcia, Pavel Ruiz, other board members, owners, account representatives, managers, team leads and other promoters, including their affiliates and subsidiaries, perpetuated (the "MJ Capital Scheme") through the use of the MJ Capital Receivership Entities (namely, MJ Capital Funding LLC, MJ Taxes and More Inc., Pavel Ruiz MJCF LLC, and UDM Remodeling, LLC). They allege that their investments were in fact part of a "Ponzi scheme" where the new money from investors was used to pay returns to other investors or was stolen by the MJ Capital Scheme. Plaintiffs brought a class action lawsuit against Wells Fargo Bank, N.A. ("Wells Fargo") alleging that it aided and abetted MJ Capital in the fraud.

Plaintiffs, Defendant and Receiver agreed to enter into this Settlement to avoid the uncertainties, delays and expenses of ongoing litigation, while providing class members with definite benefits now. **The purpose of this Notice is to inform you of the class action and the proposed Settlement so that you can decide what to do**.

## BRIEF SUMMARY OF THE SETTLEMENT

**WHO'S INCLUDED?**

Records show that you are a member of the Settlement Class because you invested money in the MJ Capital Scheme and suffered monetary damages.

**WHAT ARE THE SETTLEMENT TERMS?**

**What the Settlement Class Members Are Getting.**

Monetary Relief. Wells Fargo has agreed to pay $26.625 million into a settlement fund (the "Settlement Fund"), which will be distributed to Participating Settlement Class Members after first deducting any attorneys' fees and costs the Court awards for attorneys representing the Class ("Class Counsel"), notice and administration expenses, service awards that the Court may award Plaintiffs, and other costs, fees or expenses approved by the Court. The amount remaining in the Settlement Fund after deduction of fees, expenses or service awards will be the "Net Consideration" available for distribution to the Participating Settlement Class Members.

**What the Settlement Class is Giving Up.**

In return for the relief that Wells Fargo is providing, Settlement Class Members are deemed to have agreed to a release of any claims that you may have against Wells Fargo relating in any way to the MJ Capital Scheme.

**HOW CAN I GET PAYMENT?**

**If you have previously submitted a proof of claim to the Court-appointed Receiver for MJ Capital by July 19, 2022**, then you do NOT need to do anything to request to participate in the Settlement. Your previously-submitted proof of claim will be treated as your request to participate in the Settlement.

**If you did <u>not</u> previously submit a proof of claim to the Court-appointed Receiver for MJ Capital by July 19, 2022**, then you should review the accompanying Claim Form carefully to confirm your eligibility as a Settlement Class Member and follow the instructions for completion and submission that are on the Claim Form. You are what is referred to as an "Additional Claimant" in this Notice and the Settlement Agreement.

**WHAT ARE MY OTHER OPTIONS?**

**You can exclude yourself (also known as opting out):** If you do not want to be bound by the Settlement, then you can exclude yourself. But you must do so by [MONTH DAY YEAR]. Part 11 below explains what you need to do to exclude yourself. If you do not exclude yourself, and you timely submit a Claim Form by [MONTH DAY YEAR] (or previously submitted a timely proof of claim to the Court-appointed Receiver), and the Settlement is given final approval by the Court, then you will remain a member of the Settlement Class. If you do not submit a Claim Form by [MONTH DAY YEAR] and you did not submit a timely proof of claim to the Court-appointed Receiver, then you will not receive an allocation from the Settlement Fund.

**You can object:** Alternatively, you may object to the Settlement by [MONTH DAY, 2021]. Part 16 below explains what you need to do to object to the Settlement. The Court will hold a hearing on [MONTH DAY YEAR] beginning at [xxxxx p.m./a.m.] to consider whether to finally approve the Settlement, as well as any request for attorneys' fees by class counsel (the "Final Approval Hearing"). If you object, Part 19 explains how you may ask the Court to speak at the Final Approval Hearing. Persons who exclude themselves from the Settlement Class will not be bound by the Settlement; however, they cannot file an objection and cannot speak at the Final Approval Hearing.

The rest of this Notice provides you with a more detailed summary of the Settlement, and also more fully describes your legal rights and options. For even more information, please visit [_____] (the "Settlement Website"), at which you may download a complete copy of the Settlement Agreement and other documents related to this case. ***Please read all of this Notice carefully and in its entirety because your legal rights may be affected whether you act or don't act.***

## BASIC INFORMATION

### 1.  Why did I receive this notice?

You received this notice because according to the Court-appointed Receiver for the MJ Capital Receivership Entities, based on MJ Capital Receivership Entities' records you signed an agreement to invest funds in the MJ Capital Scheme, or you entered your information as an investor on the Receiver's investor website.  You have a right to know about a proposed settlement of a class action lawsuit pending in the U.S. District Court for the Southern District of Florida (the "Court") entitled *Gilmer Bautista, et al. v. Wells Fargo Bank, N.A..*, No. 21-cv-61749-SINGHAL (the "Action").  You are entitled to know your options before the Court decides whether to approve the Settlement.  If the Settlement is approved, certain payments will be distributed to Settlement Class Members as described in the Settlement Agreement, and Settlement Class Members will release claims arising from the actions at issue in the lawsuit.  This package describes the Action, the Settlement, your legal rights, what relief is being offered to you, how that relief will be distributed and other important information.  This Notice only summarizes the Settlement.  The full terms of the Settlement Agreement are available for review at [_____].  If there is any conflict between this Notice and the Settlement Agreement, the Settlement Agreement governs.  You should review the Settlement Agreement before deciding what to do.

### 2.  What is this lawsuit about?

Plaintiffs brought the Action alleging that a group of Florida companies and individuals led Plaintiffs and other investors around the country to believe that by entering into a uniform investor agreement their investor funds would be used to make merchant cash advances to small businesses and in return would receive high monthly returns from merchant loan repayments and interest received.  In reality, the MJ Capital Receivership Entities paid returns to investors using new investor money, raising as much as $200 million from investors.

On August 9, 2021, MJ Capital Funding, LLC, MJ Taxes and More Inc., and Johanna M. Garcia, were sued by the Securities and Exchange Commission ("SEC") for these practices.  The Court in that case, *SEC v. MJ Capital Funding, LLC, et al.*, No. 21-cv-61644-SINGHAL (S.D. Fla.) (the "SEC Action"), entered a series of orders restraining MJ Capital Funding LLC and MJ Taxes and More Inc. from conducting further business.  That Court installed a receiver, Corali Lopez-Castro, Esq. (the "Receiver"), to take control of the MJ Capital Receivership Entities.

Plaintiffs allege, among other things, that Wells Fargo aided and abetted the MJ Capital Scheme, and argue that Wells Fargo knew what the MJ Capital Receivership Entities were doing and assisted their acts by, among other things, helping them get around the bank's anti-money laundering and internal restrictions.

Wells Fargo vigorously denies that it did anything illegal or wrong.  It contends that Plaintiffs are attempting to hold it liable for acts committed solely by the MJ Capital Receivership Entities.

This Settlement is a compromise of these and other claims described in the Settlement Agreement.  Part 21 of this Notice explains how you may obtain more information about the claims

in this Action and Defendant's response to those claims. You can also visit [_____] to review Plaintiffs' operative complaint, the Parties' proposed Settlement Agreement, and other documents related to this Action.

**3.   What is a class action, and why is this case a class action?**

In a class action, one or more persons called "class representatives" (here, Plaintiffs) sue on behalf of people who have similar claims. All of those people with similar claims are the "class" or "class members." One court resolves the issues for all class members, and all class members are bound by the court's decision or settlement.

The Honorable Judge Raag Singhal of the U.S. District Court for the Southern District of Florida is in charge of this case.

Because the Settlement will determine the rights of the Settlement Class, the Parties must make the best effort practicable to send Notice to all of the Settlement Class Members before the Court can consider entering final approval of the Settlement and making it effective. If the Settlement is not given final approval, or otherwise fails to become final, or is terminated by the Parties for any of the reasons set forth in Section 12 of the Settlement Agreement, then the Settlement will become void, the Settlement Class will no longer remain certified, and the Action will proceed as if there had been no Settlement and no certification of the Settlement Class.

**4.   Why is there a settlement?**

The Court has not decided whether Plaintiffs or Defendant would win this case. Instead, both sides agreed to the Settlement before any judgment was entered. That way, the Parties avoid the uncertainties and expenses of ongoing litigation, and the delays of a trial and possible appeals, while providing the Settlement Class Members with definite benefits now rather than the uncertain benefits potentially available from fully contested litigation years from now (if at all). Plaintiffs believe that settlement is in the best interest of Settlement Class Members because it offers them relief now, while at the same time allowing anyone who wishes to pursue their own individual claims against Defendant to exclude themselves from the Settlement Class. The Settlement avoids the risk of an unfavorable result for Settlement Class Members, which could mean no recovery at all.

## WHO IS IN THE SETTLEMENT

**5.   How do I know if I am part of the settlement?**

The Court has preliminarily approved the certification of a class for settlement purposes. The Court decided that everyone who fits the following description is a member of the Settlement Class:

All persons and entities who invested money in the MJ Capital Scheme and suffered damages.

Excluded from the Settlement Class are the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family; Defendant and its

4

directors and officers; and "WELLS FARGO EMPLOYEE 1" and "WELLS FARGO EMPLOYEE 2" as alleged in the Amended Class Action Complaint filed in the Action.

As noted above, if this Notice was addressed to you, then according to the Court-appointed Receiver's records, you are a member of the Settlement Class unless you timely and properly exclude yourself from the Settlement Class as described in Part 11 of this Notice.

### 6.  What does the settlement provide?

The Defendant has agreed to fund the $26.625 million Settlement Fund.  If the Settlement receives Final Approval, the Settlement Fund will first be used to pay (1) Court-awarded attorneys' fees, reimbursement of costs, and Service Awards; (2) Notice and Administration Expenses; (3) Taxes, if any; and (4) any other costs, fees, or expenses approved by the Court.  The term "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing Notice, distributing the Settlement proceeds, reviewing opt-out requests, addressing inquiries regarding the Settlement, and otherwise administering the Settlement.  The money remaining after these fees, costs and expenses are deducted is the Net Consideration.

Each Settlement Class Member who does not opt out of the Settlement and has either submitted a timely proof of claim to the Receiver by July 19, 2022 or timely submitted a Claim Form to the Settlement Administrator, will be deemed to have submitted a request to have an "Allowed Claim" for his or her Distribution of the Net Consideration.  To determine the amount of an Allowed Claim the Settlement Administrator will use the process set forth in the Settlement Agreement.  Please review the Settlement Agreement for further details.

The actual amount that each Participating Settlement Class Member will receive will ultimately depend on a variety of factors, including the fees and expenses awarded by the Court and expended by the Settlement Administrator, the number of Settlement Class Members who choose to opt out of the Settlement, and the number of Additional Claimants who submit Claim Forms.

### 7.  How can I get such relief?

**If you have previously submitted a proof of claim to the Court-appointed Receiver for the MJ Capital Receivership Entities by July 19, 2022,** as long as you do not exclude yourself from the Settlement Class, then you will be deemed to have submitted your request to receive a distribution from the Settlement Fund.

**If you did not previously submit a proof of claim to the Court-appointed Receiver for the MJ Capital Receivership Entities by July 19, 2022** (that is, if you are an Additional Claimant), as long as you (i) do not exclude yourself from the Settlement Class and (ii) timely return or submit the Claim Form by [MONTH DAY YEAR] to the Settlement Administrator, then you will be deemed to have submitted your request to receive a distribution from the Settlement Fund.  You can return the Claim Form by submitting it at [_____]; mailing it to _____; or emailing it to the Settlement Administrator in .pdf format to [EMAIL ADDRESS].

**8.  When would I get such relief and how will it be distributed to me?**

The Court will hold a hearing at [time] on [date] to decide whether to approve the Settlement.  The Court will only approve the Settlement if it finds it to be fair, reasonable and adequate.  It may take the Court several weeks or months after the hearing before it decides.  If the Court approves the Settlement, then there may be appeals.  If appeals are filed, then it is uncertain how long it will take to resolve them.  It is also possible that this Settlement may be terminated for other reasons, such as those set forth in Section 12 of the Settlement Agreement (a copy of which is available for review at _____).  Please be patient.

The "Final Approval" date, as defined in the Settlement Agreement, is the date when the order granting final approval of the Settlement and entering judgment (the Final Order and Judgment), and the final approval of the Settlement in the SEC Action, will be final and no longer subject to appeal.  Distributions are expected to be made as soon as practicable after the Settlement Administrator has determined the Allowed Claim amounts for timely filed proofs of claim and Claim Forms.  The Settlement Website and Receiver's Website (www.kttlaw.com/mjcapital/) will be updated from time to time to reflect the progress of the Settlement and claims review.

All checks will expire and become void 120 days after they are issued and will be considered unclaimed funds.  Unclaimed funds will be considered a waiver by you of the right to receive a Distribution from the Settlement Fund.  Unclaimed distributions may be redistributed *pro rata* to other class members who hold Allowed Claims.

**9.  Will the Settlement have any tax consequences on me?**

Neither the Court nor the Parties (including their counsel) can advise you about what, if any, tax consequences might arise for you from the Settlement.  You are encouraged to consult with your own tax advisor to determine whether any potential tax consequences could arise from your receipt of a Distribution.

**10. Am I giving up anything by remaining in the Settlement Class?**

If you don't exclude yourself, then you will remain in the Settlement Class, and that means that if the Settlement is given final approval and reaches the Final Approval date then you shall be deemed to be a "Releasing Party."  As a Releasing Party, you shall be deemed to release the following "Released Claims":

> any and all claims, defenses, actions, causes of action, suits, obligations, debts, offsets, setoffs, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, refunds, reimbursements, restitution, relief for contempt, and attorneys' fees of any nature whatsoever, whether arising under federal law, state law, local law, common law or equity, state or federal securities laws, any state's consumer protection laws, unjust enrichment, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, for any relief whatsoever, including monetary, sanctions or damage for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental,

consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether known or Unknown Claims, suspected or unsuspected, asserted or unasserted, accrued or not accrued, matured or unmatured, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that arise from or relate in any way to the MJ Capital Scheme (excluding, for avoidance of doubt, any claims to enforce the Settlement or the Final Order and Judgment).

This release will include claims that you and any other Settlement Class Member does not know or suspect to exist in her, his, or its favor at the time of the release of the Released Parties, which if known by him, her, or it might have affected her, his, or its decision(s) with respect to the Settlement, including the decision to seek exclusion from or object to the Settlement.

If the Settlement is given Final Approval, then all Settlement Class Members will have expressly, and by operation of the Judgment, to the fullest extent permitted by law, waived and relinquished any and all provisions, rights, and benefits conferred by any law or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

As a "Releasing Party" you shall be deemed to understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases.  In connection with such waivers and relinquishment, you shall be deemed to acknowledge that you are aware that you may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement Agreement, but that you release fully, finally, and forever all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts.  You shall acknowledge, and by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

The full terms of the release provisions of the Settlement are at Section 10 of the Settlement Agreement, a copy of which is available at [_____].

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 11. How do I exclude myself from the Settlement Class?

If you don't want to be part of the Settlement, or if you want to keep the right to sue or continue suing Wells Fargo on your own about the Released Claims, then you must take steps to

exclude yourself from the Settlement Class.  This is also called "opting out" of the Settlement Class.  If you exclude yourself from the Settlement Class, you will not be bound by the Settlement and will not receive any relief offered by the Settlement, but you will be free to file and then pursue your own individual lawsuit regarding the Released Claims if you wish to do so.  However, the Court has ruled that neither the Settlement, nor this Notice, nor the Court's Preliminary Approval Order may be used as evidence in such individual lawsuits.  You should be aware that if you do exclude yourself and plan to file your own action against Wells Fargo, the statute of limitations applicable to your claim may prevent you from separately suing Wells Fargo unless you act promptly.

To exclude yourself, you must mail a letter sufficiently in advance to be received by the Settlement Administrator no later than [MONTH DAY YEAR] saying that you want to be excluded from the Settlement Class. Your letter must be addressed to Wells Fargo Class Action Settlement Administrator Kozyak Tropin & Throckmorton, 2525 Ponce de Leon Blvd., 9th Floor, Miami, FL 33134, with a copy to McGuireWoods LLP Attn.: Jarrod Shaw and Nellie Hestin, Tower Two-Sixty 260 Forbes Avenue, Suite 1800 Pittsburgh, Pennsylvania 15222 and Colson Hicks Eidson, P.A. Attn.: Curtis Miner, 255 Alhambra Circle, Penthouse, Coral Gables, Florida 33133, and must (i) contain a caption or title that identifies it as a "Request for Exclusion in *Bautista, et al. V. Wells Fargo Bank*"; (ii) include your name, mailing address and email address(es) and contact telephone number; (iii) specify that you want to be excluded from the Settlement Class; and (iv) be *personally* signed by you.

NOTE: If your request for exclusion is late or incomplete, then it will not be valid and you will remain part of the Settlement Class.  You will still be bound by the Settlement and other orders or judgments in the Action, and you will not be able to participate in any other lawsuits against Defendant and the Released Parties based on the Released Claims.

### 12. If I don't exclude myself, can I sue Wells Fargo later for the same thing?

No.  If you do not exclude yourself from the Settlement Class and the Settlement is given Final Approval, then you will give up the right to sue Defendant and the Released Parties for the Released Claims.

### 13. If I exclude myself, can I get anything from this Settlement?

No.  If you exclude yourself, you will not be eligible to receive any of the monetary benefits that the Settlement provides.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

Yes.  The Court has appointed Jason Kellogg and Jeffrey C. Schneider of the law firm of Levine Kellogg Lehman Schneider + Grossman LLP, and Curtis Miner of the law firm of Colson Hicks Eidson, P.A. and Frank Maderal of the law firm of Maderal Byrne PLLC, to represent you and the other Settlement Class Members in this Action and for purposes of this Settlement, and for

no other purpose.  These attorneys are called "Class Counsel," and they can be reached by writing them at:

Levine Kellogg Lehman Schneider + Grossman LLP
201 South Biscayne Boulevard, 22nd Floor
Miami, Florida  33131

Colson Hicks Eidson, P.A.
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134

Maderal Byrne PLLC
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, Florida 33134

You have the right to retain your own separate lawyer to represent you in this case, but you are not obligated to do so.  If you hire your own lawyer, then you will be solely responsible for all of his or her fees and expenses.  You also have the right to represent yourself before the Court without a lawyer, but if you want to appear at the Final Approval Hearing you must comply with the procedures set forth in Parts 18 through 19 of the Notice below.

**15. How will Class Counsel and Settlement Class Representatives be paid?**

Class Counsel have prosecuted this case on a contingent-fee basis and, so far, have not been paid anything for their services.  If the Settlement is approved, then Class Counsel will ask the Court for an award of attorney's fees and expenses, to be paid from the Settlement Fund in the amount of 24.88% of the Settlement Fund for fees and reimbursement of expenses, which combined amount is $6,625,000.

A recent decision of the U.S. Court of Appeals for the Eleventh Circuit holds that Service Awards for class representatives are not permissible in class actions. *See Johnson v. NPAS Solutions, LLC*, No. 18-12344, 2020 WL 5553312, at *12 (11th Cir. Sept. 17, 2020).  If and only if that decision is vacated or reversed by the U.S. Supreme Court, then Class Counsel will also ask the Court for Service Awards for the Settlement Class Representatives for their efforts in bringing the Action, in amounts not to exceed $3,000 per Plaintiff, which will also be paid from the Settlement Fund.  Class Counsel will file with the Court their request for attorneys' fees and expenses, and Service Awards, on or before [MONTH DAY YEAR], which will then be posted on [_____].

The Settlement is not conditioned on the Court approving any specific amount of attorneys' fees and expenses (or Service Awards).  The Court will ultimately decide whether any attorneys' fees and expenses should be awarded to Class Counsel, and whether any Service Awards should be awarded to Settlement Class Representatives, and in what amounts.

## <u>OBJECTING TO THE SETTLEMENT</u>

**16. How do I tell the court that I don't like the settlement?**

If you do not exclude yourself from the Settlement Class, then you can object to the Settlement if you don't agree with any part of it.  You can provide reasons why you think the Court should deny approval of the Settlement by filing an objection.  However, you can't ask the Court to order a larger or different type of settlement as the Court can only approve or deny the Settlement presented by the Parties.  If the Court denies approval, then no settlement relief will be available to the Settlement Class Members and the lawsuit will continue.  If you file a written objection, then the Court will consider your views.

To object, you must file a written statement of objection with the Court.  Your written objection must (i) contain a caption or title that identifies it as an "Objection to Case Settlement in *Bautista, et al. v. Wells Fargo Bank, N.A.*, Case No. 21-cv-61749-SINGHAL"; (ii) include your full name, mailing address and email address(es) and contact telephone number; (iii) provide an explanation of the basis upon which you claim to be a Settlement Class Member (such as, you received this Class Notice); (iv) state whether the objection applies only to you, or to the Settlement Class as a whole, and the reasons for your objection, accompanied by any legal or factual support for the objection; (v) disclose the name and contact information of any and all attorneys representing, advising or in any way assisting you in connection with the preparation or submission of your objection; (vi) disclose the case name and civil action number of any other objections that you or your counsel have made in any other class action cases in the last 5 years; (vii) state whether you intend to appear at the Final Approval Hearing on your own behalf or through counsel; and (viii) be *personally* signed by you.

You may file your written statement of objection in person at, or you may mail it to, the Clerk of Court, United States District Court for the Southern District of Florida, U.S. Federal Building and Courthouse, 299 East Broward Boulevard #108, Ft. Lauderdale, Florida 33301.  However, if you are represented by your own attorney, then your attorney must file your objection through the Court's Case Management/Electronic Case Filing (CM/ECF) system.  To be considered timely and valid, all statements of objection must be filed with the Court by, or mailed sufficiently in advance to be received by the Court by [<mark>MONTH DAY YEAR</mark>].  Any Settlement Class Member who does not comply with the above deadline and requirements shall be deemed to have waived all objections to and shall be forever barred from challenging the Settlement.

**17. What's the difference between objecting and excluding myself?**

Objecting is simply telling the Court that you do not like something about the Settlement, but that you are still willing to be bound by it if the Settlement is finally approved despite your objection.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you don't want to be part of the Settlement Class at all.  If you exclude yourself, you will not be subject to the Settlement and therefore cannot object to the Settlement or appear at the Final Approval Hearing because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement, referred to as a Final Approval Hearing. You may attend and you may ask to speak, but you are not required to.

**When and where will the Court decide whether to approve the settlement?**

The court will hold a Final Approval Hearing at [time] on [date] before the Honorable Judge Raag Singhal at the U.S. District Court for the Southern District of Florida, U.S. Federal Building and Courthouse, 299 East Broward Boulevard, #107, Ft. Lauderdale, Florida 33301. At this hearing, the Court will consider whether to: (1) grant final certification to the Settlement Class for settlement purposes; (2) approve the Settlement as fair, reasonable and adequate; and (3) award any attorneys' fees and expenses to Class Counsel. After the hearing, the Court will decide whether to approve the Settlement.

NOTE: The Court has reserved the right to change the date and/or time of the Final Approval Hearing, or to continue it, without further notice. If you plan to attend the Final Approval Hearing, you should confirm the date and time shortly before traveling to attend the hearing by checking _____ ] or the Court's Public Access to Court Electronic Records (PACER) system at https://www.alnd.uscourts.gov/CMECF/default.htm.

### 18. Do I have to attend the Final Approval Hearing?

No, Class Counsel will represent the Settlement Class at the Final Approval Hearing. But you are welcome to come at your own expense. Even if you send an objection, you do not have to go to the Final Approval Hearing to talk about it. As long as your objection is timely filed and meets the other requirements described in Part 16, the Court will consider it. You can also retain a lawyer at your own expense to represent you at the Final Approval Hearing, but it is not necessary to do so.

### 19. May I speak at the Final Approval Hearing?

You may ask the Court for permission to speak at the Final Approval Hearing, but only *if* you timely file an objection in full compliance with the instructions set forth in Part 16, and *if* you also state in that objection that you would like to speak at the Final Approval Hearing. However, any separate attorney you hire may appear only if he or she files through the Court's Case Management/Electronic Case Filing (CM/ECF) system a separate "Notice of Intention to Appear" in *Bautista, et al. v. Wells Fargo Bank, N.A.*, Case No. 21-cv-61749-SINGHAL. That Notice must be filed with the Court no later than MONTH DAY YEAR]. You cannot speak at the Final Approval Hearing if you have excluded yourself from the Settlement Class.

## IF YOU DO NOTHING

### 20. What if I do nothing?

If you do nothing and the Settlement is approved by the Court in a Final Approval, then you may be treated as a Settlement Class Member. Even if you do not submit a Claim Form and

have not filed a timely proof of claim with the Receiver, you will be bound by the Settlement's release and other terms, and therefore you will not be able to file your own lawsuit, continue with your own lawsuit, or be part of any other lawsuit against Wells Fargo concerning any of the Released Claims.

## GETTING MORE INFORMATION

**21. Where can I get additional information?**

This Notice summarizes the proposed settlement. For precise terms and conditions of the Settlement, please see the full Settlement Agreement available at [_____], by accessing the Court docket in this case through the Court's Case Management/Electronic Case Filing (CM/ECF) system at https://www.alnd.uscourts.gov/CMECF/.


**PLEASE DO NOT TELEPHONE THE COURT, THE CLERK OF THE COURT'S OFFICE OR WELLS FARGO TO INQUIRE ABOUT THIS SETTLEMENT**

# EXHIBIT B

# SETTLEMENT CLAIM FORM
### *Gilmer Bautista, et al. v. Wells Fargo Bank, N.A.,*
### 21-cv-61749-SINGHAL (United States District Court for the Southern District of Florida)

## THE DEADLINE TO SUBMIT THIS CLAIM FORM IS: [60 DAYS FROM NOTICE DATE]

## I.    GENERAL INSTRUCTIONS

Settlement Class Members who seek payment from the Settlement, and who did not previously submit a timely proof of claim to the Receiver by July 19, 2022, must complete and return this Claim Form. Completed Claim Forms must be submitted online via the Settlement Website, _____ or mailed to the Settlement Administrator at the address below. Claim Forms must be SUBMITTED ONLINE OR POSTMARKED VIA U.S. MAIL NO LATER THAN _____ or they will be rejected.

Please note: **If you have previously submitted a proof of claim to the Court-appointed Receiver for MJ Capital Funding, LLC by July 19, 2022**, then you do **NOT** need to submit this Claim Form.  Your previously-submitted proof of claim will be treated as your request to participate in the Settlement.

Before you complete and submit this Claim Form, you should read and be familiar with the Notice of Class Action Settlement (the "Notice") and the Settlement Agreement available at _____. Defined terms (with initial capitals) used in this Claim Form have the same meaning as set forth in the Notice and Settlement Agreement. By submitting this Claim Form, you acknowledge that you have read and understand the Notice, and that means that if the Settlement is given final approval and reaches the Final Approval date then you shall be deemed to be a Releasing Party.  As a Releasing Party, you shall be deemed to have released the Released Claims included in the Settlement Agreement. If you did not previously submit a proof of claim to the Receiver by July 19, 2022, and fail to submit a timely and valid Claim Form, your claim will be rejected and you will be precluded from any recovery from the Settlement Fund. If you are a member of the Settlement Class and you do not timely and validly seek exclusion from the Settlement Class, you will be bound by any judgment entered by the Court approving the Settlement even if you do not submit a Claim Form. To receive the most current information and regular updates, please visit the Settlement Website, _____. On the Settlement Website, you will also be able to submit your Claim Form.

The Settlement Administrator has the authority to determine the validity of claims. Only valid claims will receive distributions.

For your claim to be considered, you must fully complete this Claim Form. You can complete and submit this Claim Form online at _____or by U.S. Mail sent to the following address:

If you have any questions, please contact the Settlement Administrator by email at EMAIL ADDRESS or by telephone at 1-XXX-XXX-XXXX or send your question to the Settlement Administrator by U.S. mail using the address above.

**SECTION A:** Provide your contact information.

**SECTION B:** Provide supporting documentation by sending copies of documents via U.S. mail to the Settlement Administrator's address above or uploading them to the Settlement Website, available at _____.

**SECTION C:** Certify under penalty of perjury that the information you provided in the Claim Form is accurate.

**DEADLINE --** If you send in a Claim Form by U.S. mail, it must be postmarked by DATE. If you file a Claim Form online, then you must do so by **11:59 p.m. EST on DATE.**

## A.   CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes, you **MUST** notify the Settlement Administrator in writing.

Claimant Last Name, First Name, Middle Initial

Other name(s) you use (if any)

Mailing Address – Line 1: Street Address/P.O. Box

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number

City                                         State                              Zip Code

Home Phone Number                    Cell Phone Number

Current Email Address

Total Monetary Amount Invested by You

$

Total Monetary Payments You Received on Your Investment

$

## B.    SUPPORTING DOCUMENTATION

**The Settlement Administrator will consider and review your supporting documentation.**  Please provide copies of personal checks, cashier's checks, wire transfer advices, cash receipts, and other documents evidencing investment of funds and copies of each signed investment contract, and payments received.  You may send copies of the supporting documentation via U.S. mail to the Settlement Administrator's address or upload copies to the Settlement Website, available at: _____.

## C.    VERIFICATION AND ATTESTATION UNDER OATH

By signing below and submitting this Claim Form, I hereby swear under penalty of perjury that the information provided in this Claim Form is, to the best of my knowledge, true and correct, and that:

      1. I am a member of the Settlement Class.

      2. I did <u>not</u> knowingly assist any MJ Receivership Entities or affiliate effectuate, perpetuate or promote the MJ Capital Scheme.

      3. I did not have knowledge of the fraudulent nature of the MJ Capital Scheme at the time I invested in or with one or more of the Receivership Entities.

I understand that by submitting this claim form, I am deemed to have given a complete release of all settled claims. I understand that claims will be audited for veracity, accuracy and fraud and that invalid or illegible claims forms can be rejected.

_____

Signature of Claimant                                Date

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:21-cv-61749-SINGHAL

GILMER BAUTISTA, *et al.*,

      Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

      Defendant.

_____

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## <u>SETTLEMENT AND PROVIDING FOR NOTICE</u>

Currently before this Court is the motion of Plaintiffs Gilmer Bautista, Gilmer's Enterprise LLC, Juan Mendoza, Alejandro Diaz, and Tyler Witter ("Plaintiffs"), for themselves and the Settlement Class Members, to preliminarily approve a Settlement Agreement entered into with Defendant, Wells Fargo Bank, N.A., to approve the form and method of providing notice to the Settlement Class of the proposed Settlement, and to set a date for a fairness hearing on the proposed Settlement.

WHEREAS, the Court has reviewed the Settlement Agreement, together with its exhibits;

WHEREAS, the Settlement Agreement provides that the Defendant shall pay a total of Twenty-Six Million Six Hundred Twenty-Five Thousand Dollars ($26,625,000) to settle all claims in this Action;

WHEREAS, the Settlement appears to be the product of informed, arms-length settlement negotiations between Class Counsel, Defendant and the court-appointed Receiver over MJ Capital Funding, LLC over a period of months with the assistance of mediator Hunter R. Hughes III;

WHEREAS, the Court is familiar with and has reviewed the record, the Settlement Agreement, and Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and has found good cause for entering this Order.

NOW THEREFORE, it is ORDERED and ADJUDGED as follows:

### The Settlement Class and Class Counsel

1.      The Court finds upon preliminary evaluation that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate.  The Court finds that giving notice of the Settlement is justified pursuant to Federal Rule of Civil Procedure 23(e)(1). The Settlement Agreement provides for a Settlement Class defined as "all persons and entities who invested money in the MJ Capital Scheme and suffered damages." Excluded from the Settlement Class are the Judge to whom this Action is assigned and any member of the Judge's staff and immediate family, Defendant and its directors and officers, and "WELLS FARGO EMPLOYEE 1" and "WELLS FARGO EMPLOYEE 2" as alleged in the Amended Class Action Complaint filed in the Action.  Capitalized terms not defined herein shall have the definitions provided for in the Settlement Agreement.

2.      The Court determines for settlement purposes that the proposed Settlement Class meets all of the requirements of Rule 23(a) and (b)(3).

3.      The Court appoints Plaintiffs Gilmer Bautista, Gilmer's Enterprise LLC, Juan Mendoza, Alejandro Diaz, and Tyler Witter as representatives of the proposed Settlement Class going forward.

4.      The following lawyers, who were appointed interim Class Counsel in an Order dated July 25, 2022, are designated as class counsel for the Settlement Class pursuant to Rule 23(g): Jason Kellogg and Jeffrey C. Schneider of Levine Kellogg Lehman Schneider + Grossman

LLP; Curtis B. Miner of Colson Hicks Eidson, P.A.; and Francisco R. Maderal, Jr. of Maderal Byrne PLLC. The Court finds that these lawyers are experienced and will adequately protect the interests of the Settlement Class.

### **Preliminary Approval of the Settlement**

5.     The Court preliminarily finds that the Settlement is the product of non-collusive, arm's-length negotiations between experienced class action attorneys who were well informed of the strengths and weaknesses of the Action, and whose settlement negotiations were supervised by an experienced, nationally renowned mediator, Hunter R. Hughes III. The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial and/or appeal. The Settlement falls within the range of possible recovery, compares favorably with the potential recovery when balanced against the risks of continued prosecution of the claims in the Action, and does not grant preferential treatment to Plaintiffs or their counsel.

6.     The Court preliminarily approves the Settlement as fair, reasonable, and adequate and in the best interest of Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

7.     In the manner and time set forth more fully in the Settlement Agreement, the Consideration shall be paid to and managed by the Receiver, as the Settlement Administrator and as detailed in the Settlement Agreement. All funds constituting the Consideration held by the Settlement Administrator shall be deemed and considered to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds are distributed pursuant to the Settlement Agreement.

CASE NO. 0:21-cv-61749-SINGHAL

**Manner and Form of Notice**

8.      The Court approves the Notice substantially in the form attached as Exhibit A of the Settlement Agreement.  The proposed notice plan, which provides for notice via email to all Settlement Class Members for whom the Receiver has an e-mail address (and for those whose email is returned as undeliverable, notice via an alternative email or mailing address if located), and mail notice to the most recent mailing address reflected in the Receiver's records to all Settlement Class Members for whom the Receiver has a mailing address, but not an associated e-mail address, and to those whose e-mails are returned as undeliverable, will provide the best notice practicable under the circumstances.  This plan and the Notice are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action; the effect of the proposed Settlement (including on the Released Claims and Receiver's Released Claims); how to submit completed Claim Forms in the case of Additional Claimants; the anticipated motion for attorneys' fees, reimbursement of litigation expenses and service awards; and their rights to participate in, opt-out of, or object to any aspect of the proposed Settlement.  The plan and the Notice constitute due, adequate, and sufficient notice to Settlement Class Members and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and all other applicable laws and rules.  The date and time of the Final Approval Hearing shall be included in the Notice before dissemination.  Non-material modifications to the Notice may be made without further order of the Court.

9.      The Claim Form attached as Exhibit B to the Settlement Agreement is approved. Non-material modifications to the Claim Form may be made without further order of the Court.

10.      The Court hereby appoints the Receiver, Corali Lopez-Castro, or any successor receiver(s) that may be appointed in the SEC Action as Settlement Administrator to carry out the

Notice program, review Claim Forms, provide distributions to Settlement Class Members who hold Allowed Claims, and otherwise perform all administrative tasks set forth in the Settlement Agreement, including, but not limited to, engaging professionals and service providers to assist with her duties.

11.     As soon as reasonably practicable after entry of this Order ("Preliminary Approval"), the Settlement Administrator shall establish the Settlement Website on which will be posted the Notice, the Settlement Agreement, motions for approval of the Settlement and for attorneys' fees and expenses and supporting documents, the Preliminary Approval Order, and the Final Order and Judgment. The Notice shall direct recipients to the Settlement Website via a hyperlink.  The Settlement Website shall provide for online submission of Claim Forms by Additional Claimants.

12.     Within 45 days of Preliminary Approval, Notice shall be sent by e-mail to all Settlement Class Members for whom the Receiver has an e-mail address.  Emails sent shall have a "return receipt" or other such function that permits the Settlement Administrator to reasonably determine whether emails have been delivered and/or opened.  Emails shall have a hyperlink that class member recipients may click and be taken to a landing page on the Settlement Website.  For any Notice that is returned as undeliverable, the Settlement Administrator or its sending agent shall attempt to locate an alternative email or mailing address for the Settlement Class Member and re-send the Notice promptly. As soon as reasonably practicable, the Settlement Administrator shall cause a readily identifiable section or page to the Receiver's website (https://kttlaw.com/mjcapital/) on which will be the link to the Settlement Website.

13.     For Settlement Class Members for whom the Receiver has a mailing address, but not an associated email address, and to those Settlement Class Members whose emails are returned

as undeliverable, the Notice shall be sent to the most recent mailing address as reflected in the Receiver's records.  Skip tracing shall be performed for all returned mail.  All costs of skip tracing will be considered Notice and Administrative Expenses.

14.     All costs, fees, and expenses incurred in connection with providing Notice, reviewing opt-out requests and addressing inquiries regarding the Settlement, and otherwise constituting Notice and Administration Expenses under the Settlement Agreement shall be paid from the Settlement Fund.  The Settlement Administrator is authorized and allowed to incur, and obtain reimbursement and pay, Notice and Administration Expenses and Taxes from the Settlement Fund, without leave of Court.

15.     The Settlement Administrator will not require Settlement Class Members who previously returned a proof of claim form to the Receiver by July 19, 2022, the Receiver's Bar Date, to submit a Claim Form.  However, with respect to Additional Claimants, the Settlement Administrator will require Settlement Class Members to timely submit the Claim Form, as required by the terms of the Settlement Agreement, in order to verify a Settlement Class Member's status as a Settlement Class Member and establish their eligibility for any benefits under the Settlement, in addition to any other purposes consistent with the Settlement Administrator's responsibilities under the Settlement Agreement.

16.     The dates provided for herein may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class.

**The Final Approval Hearing**

17.     An approval hearing shall take place before the Court on _____, 202_, at _____ a.m./p.m. in Courtroom 107 at the U.S. Federal Building and Courthouse, 299 East Broward Boulevard, Ft. Lauderdale, Florida  33301, to determine whether: (a) the proposed

Settlement Class should be certified for settlement purposes pursuant to Rule 23; (b) the Settlement should be approved as fair, reasonable, and adequate; (c) full effect should be given to the releases contained in the Settlement Agreement and those provisions finally approved as contained therein; (d) this matter should be dismissed with prejudice; (e) Class Counsel's application for attorneys' fees and expenses should be approved; and (f) whether the application for the Settlement Class Representatives to receive Service Awards should be approved, as well as (g) any other matters the Court deems necessary and appropriate.

18.     Any Settlement Class Member who has not timely and properly excluded themselves from the Settlement Class in the manner described below may appear at the approval hearing in person or through counsel and be heard, as allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member who excluded themselves from the Settlement Class shall be entitled to object or otherwise appear at the approval hearing, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

19.     Papers in support of Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and service awards shall be filed within 45 days after Preliminary Approval.

20.     Class Counsel's motion for final approval of the Settlement shall be filed no less than 30 days before the Final Approval Hearing.

### Objections and Appearances at the Final Approval Hearing

21.     Any member of the Settlement Class may appear at the Final Approval Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, or why judgment should or should not be entered, or to comment on or oppose Class

Counsel's application for attorneys' fees, reimbursement of litigation expenses, and service awards. No person shall be heard or entitled to contest the approval of the Settlement or, if approved, the judgment to be entered approving the Settlement, Class Counsel's application for an award of attorneys' fees, reimbursement of litigation expenses, and Service Awards, unless that person filed a written objection with the Clerk of the United States District Court for the Southern District of Florida electronically, in person, or by first-class mail postmarked within 90 days after the date of this Order (the "Objection and Opt-Out Deadline"). Absent leave of this Court, objections shall not exceed 20, double-spaced pages in length.

22.     For the objection to be considered by the Court, the objection must be in writing and set forth:

(a)     The name of this proceeding (*Bautista, eta al. v. Wells Fargo Bank, N.A.*, Case No. 0:21-cv-61749, or similar identifying words such as "MJ Capital Lawsuit");

(b)     the Settlement Class Member's full name, address, email address, and telephone number;

(c)     an explanation of the basis upon which the objector claims to be a Settlement Class Member;

(d)     whether the objection applies only to the objector, or to the Settlement Class as a whole, and the reasons for his, her or its objection, accompanied by any legal or factual support for the objection;

(e)     the name of counsel for the objector (if any), including any current or former counsel who may seek or receive compensation for any reason related to the objection;

(f)     the case name and civil action number of any other objections the objector or his or her or its counsel have made in any other class action cases in the last 5 years; and

(g)     whether the objector intends to appear at the Final Approval Hearing on his or her or its own behalf or through counsel.

Any Settlement Class Member who timely and properly objects may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense.

23.     Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object to the Settlement, may have their objection stricken from the record and may lose their rights to appeal from approval of the Settlement.   Any such Settlement Class Member shall also be bound by all the terms of the Settlement Agreement, this Order and by all proceedings, orders and judgments, including, but not limited to, the releases in the Settlement Agreement if final judgment is entered.

24.     Counsel for any objector must enter a Notice of Appearance no later than 14 days before the Final Approval Hearing.

25.     Attendance at the Final Approval Hearing is not necessary, but persons wishing to be heard orally in connection with approval of the approval of the Settlement and/or the application for an award of attorneys' fees, reimbursement of expenses, and Service Awards must indicate in their written objection their intention to appear at the hearing.

### Exclusions from the Settlement Class

26.     Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of his or her intent to be excluded to the parties at the addresses provided in the approved notice attached to the Settlement Agreement postmarked no later than [MONTH DAY YEAR] (the "Opt-out Deadline").   Each written request for exclusion must be signed by the Settlement Class Member seeking exclusion, can only request exclusion for that one Settlement Class Member and must contain the following information:

(a)     The name of this proceeding (*Bautista, eta al. v. Wells Fargo Bank, N.A.*, Case No. 0:21-cv-61749, or similar identifying words such as "MJ Capital Lawsuit");

(b)     their full name;

(c)     their current address;

(d)     their telephone number;

(e)     their e-mail address;

(f)     a statement that the Settlement Class Member is a member of the Settlement Class but does not wish to participate in the Settlement; and

(g)     their personal signature.

27.     Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement shall be bound by the terms of the Settlement.  If Final Approval is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders and judgments in this matter, including but not limited to the releases set forth in the Settlement Agreement and Final Order and Judgment.

28.     The Settlement Administrator shall provide the Class Counsel and counsel for Defendant with copies of all opt-out notifications received and, within 14 days after the Opt-out Deadline, shall provide counsel with a final list of all who have timely and validly excluded themselves from the Settlement Class.  All those Settlement Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

**<u>Action is Stayed</u>**

29.     The stay in the Action will remain in effect until the entry of a Final Order and Judgment, other than proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement.

**Settlement Class Members and Receiver Enjoined**

30.     Pending entry of a Final Order and Judgment, and upon expiration of the Opt-Out Deadline, Settlement Class Members are preliminary enjoined from filing, commencing, maintaining, prosecuting, intervening in, participating in (as class members or otherwise), or pursuing directly, representatively, or in any other capacity any Released Claim in any court or arbitration forum.

31.     Pending entry of a Final Order and Judgment, Receiver is preliminary enjoined from filing, commencing, maintaining, prosecuting, intervening in, participating in (as a class member or otherwise), or pursuing directly, representatively, or in any other capacity any Receiver's Released Claim against the Receiver's Released Parties in any court or arbitration forum.

32.     The Global Parties are authorized to take all necessary and appropriate steps to implement the terms of this Settlement Agreement.

**SEC Action**

33.     Receiver shall move the Court for entry of an order in the SEC Action: (a) approving this Settlement Agreement, subject to the Court's final approval of the Settlement Agreement in the Action and entry of the Final Order and Judgment in the Action, (b) approving the Receiver serving as the Settlement Administrator under the Settlement Agreement and authorizing her to take all reasonable steps to comply with the terms of the Settlement Agreement, including, but not limited to, engaging professionals and service providers to assist with her duties and providing the Distributions as described in this Settlement Agreement, (c) authorizing the Settlement Administrator to incur and pay Notice and Administration Expenses and Taxes with funds from the Settlement Fund without the need for further court approval, and (d) approving the

procedure described herein to allow Additional Claimants to submit Claim Forms to the Settlement Administrator.

## Termination of the Settlement and Use of this Order

34.     This Order shall become null and void and shall be without prejudice to the rights of the parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not approved by the Court or is terminated in accordance with the terms of the Settlement Agreement (except as to the payment of all incurred or outstanding Notice and Administration Expenses and Taxes described herein and in the Settlement Agreement).  In such event, the Settlement and Settlement Agreement, and all rights and obligations thereunder, including any releases, shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever by any person or entity  (except as to the payment of all incurred or outstanding Notice and Administration Expenses and Taxes described herein and in the Settlement Agreement).

35.     This Order shall be of no force or effect if a Final Order and Judgment is not entered or there is no Effective Date under the terms of the Settlement Agreement (except as to the payment of all incurred or outstanding Notice and Administration Expenses and Taxes described herein and in the Settlement Agreement); shall not be construed or used as an admission, concession or declaration by or against any party of any fault, wrongdoing, breach or liability; shall not be construed or used as an admission, concession or declaration by or against any Settlement Class Representative or any other Settlement Class Member that its claims lack merit or that the relief requested is inappropriate, improper or unavailable; and shall not constitute a waiver by any party of any defense or claims it may have in this litigation or in any other lawsuit.

36.     Plaintiffs, Defendants, the Receiver, the Settlement Administrator, the foregoing parties' counsel, the Receiver and Settlement Administrator's other professionals or agents, the receivership estate of the MJ Capital Receivership Entities, and any other agent designated pursuant to this Settlement Agreement shall have no liability to any Settlement Class Member for any action taken substantially in accordance with the terms of this Order and Settlement Agreement.

### Reservation of Jurisdiction

37.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

38.     The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website by the Settlement Administrator.

### Summary of Deadlines

39.     The Settlement Agreement shall be administered according to its terms pending the final approval hearing.  Deadlines arising under the Settlement Agreement and this Order include, but are not limited to, the following:

| EVENT | TIMING |
|---|---|
| Deadline for Settlement Administrator to provide list of names and addresses for all Settlement Class Members' to whom Notice was sent to Defendant pursuant to section 7.3.1(e) of the Settlement Agreement | [INSERT DATE]; 30 days after Effective Date |
| Deadline for Settlement Administrator to establish Settlement Website pursuant to section 7.3.2 of the Settlement Agreement | As soon as reasonably practicable after Court grants Preliminary Approval |

CASE NO. 0:21-cv-61749-SINGHAL

| | |
|---|---|
| Deadline for Receiver to add section or page to Receiver's website on which will the link to the Settlement Website | As soon as reasonably practicable after the Settlement Administrator establishes the Settlement Website |
| Deadline for Settlement Administrator to send Notice to Settlement Class Members | [INSERT DATE]; 45 days after Court grants Preliminary Approval |
| Deadline to file Class Counsel's motion for attorneys' fees, costs, expenses and service awards | [INSERT DATE]; 45 days after Court grants Preliminary Approval |
| Objection deadline | [INSERT DATE]; 90 days after Court grants Preliminary Approval |
| Opt-out deadline | [INSERT DATE]; 90 days after Court grants Preliminary Approval |
| Deadline for Settlement Class Members to submit Claim Forms to Settlement Administrator | [INSERT DATE]; 105 days after Court grants Preliminary Approval |
| Deadline for Class Counsel to file motion for final approval of settlement | [INSERT DATE]; 30 days before Final Approval Hearing |
| Deadline for Settlement Administrator to submit Affidavit or Declaration stating that the Notice has been given | [INSERT DATE]; 21 days before Final Approval Hearing |
| Deadline for the Defendant to submit Affidavit or Declaration stating that the CAFA Notice has been given | [INSERT DATE]; 21 days before Final Approval Hearing |
| Deadline for counsel for any objector to file a Notice of Appearance | [INSERT DATE]; 14 days before Final Approval Hearing |
| Final Approval Hearing | [INSERT DATE] |

DONE AND ORDERED in Ft. Lauderdale, Florida, this ___ day of _____, 2022.

                                _____

                                HON. RAAG SINGHAL
                                UNITED STATES DISTRICT JUDGE

# EXHIBIT D

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FT LAUDERDALE DIVISION)**

CASE NO. 0:21-cv-61749-SINGHAL

GILMER BAUTISTA, *et al.*,

      Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

      Defendant.

_____/

## [PROPOSED] FINAL ORDER AND JUDGMENT

      Now before the Court is the Unopposed Motion for Final Approval of Proposed Settlement and Plaintiffs' Unopposed Motion for Attorney's Fees, Expenses and Service Award filed by Plaintiffs Gilmer Bautista, Gilmer's Enterprise LLC, Juan Mendoza, Alejandro Diaz, and Tyler Witter ("Plaintiffs").  The Parties ask the Court to enter this Final Order and Judgment granting final approval of the Settlement, and Plaintiffs ask the Court (without opposition) to grant Class Counsel's motion for attorney's fees, expenses and Service Awards.  Both Parties seek dismissal of this Action with prejudice.  Due and adequate notice having been given of the Settlement as required by the Preliminary Approval Order, the Court having considered all papers filed and proceedings conducted herein, and good cause appearing therefor, it is hereby ORDERED, ADJUDGED and DECREED as follows:

      1.     This Final Approval Order and Judgment incorporates by reference the definitions in the Settlement Agreement dated December ___, 2022, and all defined terms used herein have the same meaning given to them in the Settlement Agreement.

2.     The Court has subject matter jurisdiction over the claims asserted in the Action pursuant to 28 U.S.C. § 1332(d)(2).  The Court has personal jurisdiction over all parties to the Action, including all Settlement Class Members.  Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**A.     The Court Grants Final Approval to the Settlement**

3.     The Court reaffirms and makes final its provisional findings, rendered in the Preliminary Approval Order, that, for purposes of the Settlement, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied.  The Court further confirms certification of the Settlement Class as: All persons and entities who invested money in the MJ Capital Scheme and suffered damages.  Excluded from the Settlement Class are the Judge to whom this Action is assigned and any member of the Judge's staff and immediate family, Defendant and its directors and officers, and "WELLS FARGO EMPLOYEE 1" and "WELLS FARGO EMPLOYEE 2" as alleged in the Amended Class Action Complaint filed in the Action.

4.     Pursuant to Federal Rule of Civil Procedure 23(e), the Court grants final approval of the Settlement and finds that it is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class.

5.     The Court finds that notice of the Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Action, the Settlement and the Settlement Class Members' rights to object to the Settlement or opt-out of the Settlement Class, to all persons entitled to such notice, and that this notice satisfied the requirements of Federal

Rule of Civil Procedure 23 and of due process. The Court further finds that the notification requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

6.      The Court therefore directs the Settlement Administrator and the Global Parties to implement the Settlement according to its terms and conditions.  Without further order of this Court, the Global Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

7.      The Settlement Administrator is authorized to review and determine Allowed Claims, provide distributions of the Pro Rata Share of the Net Consideration to Settlement Class Members who hold Allowed Claims, reserve amounts for Disputed Claims, and otherwise perform all tasks as set forth in the Settlement Agreement. The Settlement Administrator is allowed to obtain reimbursement for Notice and Administration Expenses from the Settlement Fund, and pay Notice and Administration Expenses and Taxes from the Settlement Fund, without leave of Court. The Settlement Administrator can close and shut down the Settlement Website after the check stale date of the last round of Distributions.

8.      Upon the Effective Date, the Releasing Parties shall be deemed to have provided the Released Parties with a full and final release of the Released Claims, and the Receiver shall be deemed to have provided the Released Parties with a full and final release of the Receiver's Released Claims, as provided in the Settlement Agreement.

9.      The persons identified in the attached Exhibit 1 requested exclusion from the Settlement Class as of the Objection and Opt-Out Deadline.  These persons shall not share in the benefits of the Settlement, and this Final Order and Judgment does not affect their legal rights to pursue any claims they may have against Defendant.  All other members of the Settlement Class are hereinafter barred and permanently enjoined from filing, commencing, maintaining,

prosecuting, intervening in, participating in (as class members or otherwise), or pursuing directly, representatively, or in any other capacity any Released Claim in any court or arbitration forum.

10.     All Settlement Class Members not listed in Exhibit 1 shall be bound by the Settlement Agreement and this Final Order and Judgment, including the release provisions and covenant not to sue.  The releases as set forth in Section 10 of the Settlement Agreement together with the definitions in Sections 1.1-1.44 relating thereto are expressly incorporated herein in all respects and made effective by operation of this Final Order and Judgment.

11.     Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, nor this Order, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any Released Claim or Receiver's Released Claim, (b) any wrongdoing or liability of Defendant or any other Released Party, or (c) any fault or omission of Defendant or any other Released Party in any proceeding in any court, administrative agency, arbitral forum, or other tribunal.  In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Global Parties and only the Global Parties in a proceeding to enforce the Settlement Agreement.

12.     The Escrow Agent shall disburse the Net Consideration to the Settlement Administrator as directed by the Settlement Administrator.  The Settlement Administrator thereafter shall cause the Distributions to be distributed to Participating Settlement Class Members who are holders of Allowed Claims, consistent with the provisions of the Settlement Agreement

without the need for further court approval.   Checks shall be valid for 120 days after the Distribution date.

13.      Any amount of the Settlement Fund that, owing to undeposited checks, remains under the control of the Settlement Administrator 180 days after payment of all Distributions to Participating Settlement Class Members with Allowed Claims may, as determined by the Settlement Administrator, be redistributed *pro rata* to Participating Settlement Class Members who are holders of Allowed Claims whose checks were cashed if economically feasible, or constitute an asset of the estate of the MJ Capital Receivership Entities and disbursed in a manner approved by the Court in the SEC Action.

14.      Any amounts of the Settlement Fund that, due to a Disputed Claim not becoming an Allowed Claim or becoming an Allowed Claim in an amount less than the Disputed Claim, are excess funds in the Disputed Claims Reserve shall be distributed to Participating Settlement Class Members with Allowed Claims if such a distribution is economically feasible, and if not, they shall constitute an asset of the estate of the MJ Capital Receivership Entities and be disbursed in a manner approved by the Court in the SEC Action.

15.      Without affecting the finality of this Judgment, this Court reserves exclusive jurisdiction over all matters related to the administration, consummation, enforcement and interpretation of the Settlement and/or this Final Order and Judgment, including any orders necessary to effectuate the final approval of the Settlement and its implementation.

16.      If the Settlement does not become effective, this Final Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement (except as

to the payment of all incurred or outstanding Notice and Administration Expenses and Taxes described the Settlement, and Paragraph 11 of this Order shall remain in effect).

17.     The Parties have complied with the requirements of the Class Action Fairness Act.

18.     No person who has not opted out of the Settlement Class and no person acting or purporting to act directly or on behalf of a Settlement Class Member, or acting on a representative basis or in any other capacity, shall commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.

19.     The Receiver is permanently barred and enjoined from filing, commencing, maintaining, prosecuting, intervening in, participating in (as a class member or otherwise), or pursuing directly, representatively, or in any other capacity any Receiver's Released Claim in any court or arbitration forum.

20.     The Receiver, the Settlement Class Representatives, and all Settlement Class Members who did not timely and validly exclude themselves are permanently barred and enjoined from organizing Settlement Class Members, or forming or soliciting the participation of class members in, a separate class or group for purposes of pursuing any action against any Released Parties (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims against any Released Parties).

21.     This Court retains exclusive jurisdiction over the interpretation, enforcement, and implementation of the Settlement Agreement, including, but not limited to, any issues regarding the Parties, the Released Claims, and the Receiver's Released Claims.

22.     Upon the Effective Date, judgment shall be entered with respect to the Released Claims of the Releasing Parties and with respect to the Receiver's Released Claims, and the Action shall be dismissed with prejudice.

**B.     Plaintiffs' Unopposed Motion for Attorney's Fees and Expenses**

*23.     The following paragraphs 24-31 may be stricken from this [Proposed] Order before its entry, without impacting the Settlement Agreement's requirement in paragraphs 1.13, 1.15, 2.6, 9.2, and elsewhere in the Settlement Agreement that the Final Order and Judgment be entered substantially in the form of Exhibit D to the Settlement Agreement. The following paragraphs 24-31 are not a material portion of the Final Order and Judgment.*

24.     In Plaintiffs' Unopposed Motion for Attorney's Fees and Expenses, Class Counsel requests that the Court approve the requested attorney's fee of $6,592,654 and reimbursement of expenses of $32,346, which two amounts total $6,625,000, which is 24.88% of the $26.625 million Settlement Fund.

25.     Class Counsel also asks this Court to reserve jurisdiction to award Service Awards of $3,000 to each of the Settlement Class Representatives (except Gilmer's Enterprise LLC) should the United States Supreme Court accept review of and reverse the Eleventh Circuit's contrary decision in in *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020).

26.     This Court has considered the requested fees both in light of the value of the relief obtained for the Settlement Class and finds the requested fee amount is fair and reasonable under the "percentage of recovery" method, which is the standard in the Eleventh Circuit. *See Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991).

27.     Following *Camden I*, percentage-based fee awards in the Eleventh Circuit have averaged around 33% of the class benefit. *See, e.g., Wolff v. Cash 4 Titles*, 2012 WL 5290155 at

CASE NO. 0:21-cv-61749-SINGHAL

*5-6 (S.D. Fla. Sept. 26, 2012) (noting that fees in this Circuit are "roughly one-third"); T. Eisenberg, et al., *Attorneys' Fees in Class Actions: 2009- 2013*, 92 N.Y.U. Law Rev. 937, 951 (2017) (the median fee from 2009 to 2013 was 33%); B. Fitzpatrick, An Empirical Study of Class Action Settlements and Their Fee Awards, 7 J. Empirical L. Stud. 811 (2010) (during 2006 and 2007 the median fee was 30%); *Decl. of H. Hughes, Champs Sports Bar & Grill Co. v. Mercury Payment Systems, LLC*, No. 1:16-CV-00012-MHC (N.D. Ga.) (Doc. 82-1 at 4-5) (90% of the hundreds of common fund settlements a leading Atlanta mediator has negotiated provide for a fee of one-third of the benefit).

28.     Here, the requested fee award falls below that range.  The requested fee also falls within the range of the customary fee in the private marketplace, where 40 percent fee contracts are common for complex cases such as this.  *See*, *e.g.*, *In re: Checking Account Overdraft Litig*, No. 1:09002036, 2013 WL 11319391, at *18 (S.D.  Fla. Aug. 5, 2013) ("Class Counsel's fee request falls within the range of the private marketplace, where contingency fee arrangements often approach or equal 40 percent of any recovery.").

29.     In light of the analysis of the *Camden I* factors, the arguments made by Class Counsel, Class Counsel's Declaration, and the Declaration of [_____] (all submitted with the unopposed motion), the Court finds that an award of attorney's fees and reimbursement of expenses to Class Counsel is fair and reasonable and awards the amount of $_____ in attorney's fees and $_____ as reimbursement of expenses.

30.     As such, Plaintiffs' Unopposed Motion for Attorney's Fees and Expenses and is **GRANTED/GRANTED IN PART**.  Class Counsel shall be entitled to be paid attorney's fees and expenses in the amount $[TBD] from the Settlement Fund of $26,625,000 in accordance with the Settlement Agreement and $[TBD] as reimbursement of expenses. Class Counsel shall be

CASE NO. 0:21-cv-61749-SINGHAL

responsible for the division of the fees amongst themselves and any other counsel who contributed to the litigation and resolution of this matter.

31.     The Court also reserves jurisdiction as to Class Counsel's request that Settlement Class Representatives Gilmer Bautista, Juan Mendoza, Alejandro Diaz, and Tyler Witter be paid Service Awards of $3,000 each, pending Supreme Court review of *Johnson v. NPAS Solutions, LLC*.

There is no just reason to delay entry of this Final Order and Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED, this ____ day of _____, 20__.

_____
HON. RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record