UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:21-cv-61749-SINGHAL

GILMER BAUTISTA, *et al*.,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

_____/

## **FINAL ORDER AND JUDGMENT**

**COMES NOW** before the Court is the Unopposed Motion for Final Approval of Class Action Settlement and for Award of Attorneys' Fees and Reimbursement of Expenses (DE [71]) filed by Plaintiffs Gilmer Bautista, Gilmer's Enterprise LLC, Juan Mendoza, Alejandro Diaz, and Tyler Witter ("Plaintiffs"). The Parties ask the Court to enter this Final Order and Judgment granting final approval of the Settlement, and Plaintiffs ask the Court (without opposition) to grant Class Counsel's motion for attorney's fees, expenses and Service Awards. Both Parties seek dismissal of this Action with prejudice. Due and adequate notice having been given of the Settlement as required by the Preliminary Approval Order, the Court having considered all papers filed and proceedings conducted herein, and good cause appearing therefor, it is hereby **ORDERED AND ADJUDGED** as follows:

    1.    This Final Approval Order and Judgment incorporates by reference the definitions in the Settlement Agreement dated December 22, 2022, and all defined terms used herein have the same meaning given to them in the Settlement Agreement.

    2.    The Court has subject matter jurisdiction over the claims asserted in the Action pursuant to 28 U.S.C. § 1332(d)(2). The Court retains personal jurisdiction over all

parties to the Action, including all Settlement Class Members. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

### A.  The Court Grants Final Approval to the Settlement

3.  The Court reaffirms and makes final its provisional findings, rendered in the Preliminary Approval Order (DE [69]), that, for purposes of the Settlement, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. The Court further confirms certification of the Settlement Class as: All persons and entities who invested money in the MJ Capital Scheme and suffered damages. Excluded from the Settlement Class are the Judge to whom this Action is assigned and any member of the Judge's staff and immediate family, Defendant and its directors and officers, and "WELLS FARGO EMPLOYEE 1" and "WELLS FARGO EMPLOYEE 2" as alleged in the Amended Class Action Complaint filed in the Action.

4.  Pursuant to Federal Rule of Civil Procedure 23(e), the Court grants final approval of the Settlement and finds that it is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class.

5.  The Court finds that notice of the Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Action, the Settlement and the Settlement Class Members' rights to object to the Settlement or opt-out of the Settlement Class, to all persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process. The Court further finds that the notification requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met. In fact, without objecting, numerous individuals attended the Final Approval hearing, were afforded the opportunity to speak, and declined to do

2

so.

6. The Court therefore directs the Settlement Administrator and the Global Parties to implement the Settlement according to its terms and conditions. Without further order of this Court, the Global Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

7. The Settlement Administrator is authorized to review and determine Allowed Claims, provide distributions of the Pro Rata Share of the Net Consideration to Settlement Class Members who hold Allowed Claims, reserve amounts for Disputed Claims, and otherwise perform all tasks as set forth in the Settlement Agreement. The Settlement Administrator is allowed to obtain reimbursement for Notice and Administration Expenses from the Settlement Fund, and pay Notice and Administration Expenses and Taxes from the Settlement Fund, without leave of Court. The Settlement Administrator can close and shut down the Settlement Website upon the check stale date of the last round of Distributions.

8. Upon the Effective Date, the Releasing Parties shall be deemed to have provided the Released Parties with a full and final release of the Released Claims, and the Receiver shall be deemed to have provided the Released Parties with a full and final release of the Receiver's Released Claims, as provided in the Settlement Agreement.

9. The persons identified in the attached Exhibit 1 requested exclusion from the Settlement Class as of the Objection and Opt-Out Deadline. These persons shall not share in the benefits of the Settlement, and this Final Order and Judgment does not affect their legal rights to pursue any claims they may have against Defendant. All other members of the Settlement Class are hereinafter barred and permanently enjoined from filing, commencing, maintaining, prosecuting, intervening in, participating in (as class

members or otherwise), or pursuing directly, representatively, or in any other capacity any Released Claim in any court or arbitration forum.

10. All Settlement Class Members not listed in Exhibit 1 shall be bound by the Settlement Agreement and this Final Order and Judgment, including the release provisions and covenant not to sue. The releases as set forth in Section 10 of the Settlement Agreement together with the definitions in Sections 1.1-1.44 relating thereto are expressly incorporated herein in all respects and made effective by operation of this Final Order and Judgment.

11. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, nor this Order, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any Released Claim or Receiver's Released Claim, (b) any wrongdoing or liability of Defendant or any other Released Party, or (c) any fault or omission of Defendant or any other Released Party in any proceeding in any court, administrative agency, arbitral forum, or other tribunal. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Global Parties and only the Global Parties in a proceeding to enforce the Settlement Agreement.

12. The Escrow Agent shall disburse the Net Consideration to the Settlement Administrator as directed by the Settlement Administrator. The Settlement Administrator thereafter shall cause the Distributions to be distributed to Participating Settlement Class Members who are holders of Allowed Claims, consistent with the provisions of the

Settlement Agreement without the need for further court approval. Checks shall be valid for 120 days after the Distribution date.

13. Any amount of the Settlement Fund that, owing to undeposited checks, remains under the control of the Settlement Administrator 180 days after payment of all Distributions to Participating Settlement Class Members with Allowed Claims may, as determined by the Settlement Administrator, be redistributed *pro rata* to Participating Settlement Class Members who are holders of Allowed Claims whose checks were cashed if economically feasible, or constitute an asset of the estate of the MJ Capital Receivership Entities and disbursed in a manner approved by the Court in the SEC Action.

14. Any amounts of the Settlement Fund that, due to a Disputed Claim not becoming an Allowed Claim or becoming an Allowed Claim in an amount less than the Disputed Claim, are excess funds in the Disputed Claims Reserve shall be distributed to Participating Settlement Class Members with Allowed Claims if such a distribution is economically feasible, and if not, they shall constitute an asset of the estate of the MJ Capital Receivership Entities and be disbursed in a manner approved by the Court in the SEC Action.

15. Without affecting the finality of this Judgment, this Court reserves exclusive jurisdiction over all matters related to the administration, consummation, enforcement and interpretation of the Settlement and/or this Final Order and Judgment, including any orders necessary to effectuate the final approval of the Settlement and its implementation.

16. If the Settlement does not become effective, this Final Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in

accordance with the Settlement (except as to the payment of all incurred or outstanding Notice and Administration Expenses and Taxes described the Settlement, and Paragraph 11 of this Order shall remain in effect).

17. The Parties have complied with the requirements of the Class Action Fairness Act.

18. No person who has not opted out of the Settlement Class and no person acting or purporting to act directly or on behalf of a Settlement Class Member, or acting on a representative basis or in any other capacity, shall commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.

19. The Receiver is permanently barred and enjoined from filing, commencing, maintaining, prosecuting, intervening in, participating in (as a class member or otherwise), or pursuing directly, representatively, or in any other capacity any Receiver's Released Claim in any court or arbitration forum.

20. The Receiver, the Settlement Class Representatives, and all Settlement Class Members who did not timely and validly exclude themselves are permanently barred and enjoined from organizing Settlement Class Members, or forming or soliciting the participation of class members in, a separate class or group for purposes of pursuing any action against any Released Parties (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims against any Released Parties).

21. This Court retains exclusive jurisdiction over the interpretation, enforcement, and implementation of the Settlement Agreement, including, but not limited to, any issues regarding the Parties, the Released Claims, and the Receiver's Released

Claims.

22. Upon the Effective Date, judgment shall be entered with respect to the Released Claims of the Releasing Parties and with respect to the Receiver's Released Claims, and the Action shall be dismissed with prejudice.

**B.      Plaintiffs' Unopposed Motion for Attorney's Fees and Expenses**

23. In Plaintiffs' Unopposed Motion for Attorney's Fees and Expenses (DE [70]), Class Counsel requests that the Court approve the requested attorney's fee of $6,592,654 and reimbursement of expenses of $32,346, which two amounts total $6,625,000, which is 24.88% of the $26.625 million Settlement Fund.

24. Class Counsel also previously asked this Court to reserve jurisdiction to award Service Awards of $3,000 to each of the Settlement Class Representatives (except Gilmer's Enterprise LLC) should the United States Supreme Court accept review of and reverse the Eleventh Circuit's contrary decision in in *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020). The Supreme Court subsequently denied review, and Class Counsel withdrew the request for Service Awards, rendering the issue moot.

25. This Court has considered the requested fees both in light of the value of the relief obtained for the Settlement Class and finds the requested fee amount is fair and reasonable under the "percentage of recovery" method, which is the standard in the Eleventh Circuit. *See Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991).

26. Following *Camden I,* percentage-based fee awards in the Eleventh Circuit have averaged around 33% of the class benefit. *See, e.g., Wolff v. Cash 4 Titles*, 2012 WL 5290155 at *5-6 (S.D. Fla. Sept. 26, 2012) (noting that fees in this Circuit are "roughly one-third"); T. Eisenberg, et al., *Attorneys' Fees in Class Actions: 2009- 2013*, 92 N.Y.U.

Law Rev. 937, 951 (2017) (the median fee from 2009 to 2013 was 33%); B. Fitzpatrick, An Empirical Study of Class Action Settlements and Their Fee Awards, 7 J. Empirical L. Stud. 811 (2010) (during 2006 and 2007 the median fee was 30%); *Decl. of H. Hughes, Champs Sports Bar & Grill Co. v. Mercury Payment Systems, LLC*, No. 1:16-CV-00012-MHC (N.D. Ga.) (Doc. 82-1 at 4-5) (90% of the hundreds of common fund settlements a leading Atlanta mediator has negotiated provide for a fee of one-third of the benefit).

27. Here, the requested fee award falls below that range. The requested fee also falls within the range of the customary fee in the private marketplace, where 40 percent fee contracts are common for complex cases such as this. *See*, *e.g.*, *In re: Checking Account Overdraft Litig*, No. 1:09002036, 2013 WL 11319391, at *18 (S.D. Fla. Aug. 5, 2013) ("Class Counsel's fee request falls within the range of the private marketplace, where contingency fee arrangements often approach or equal 40 percent of any recovery.").

28. In light of the analysis of the *Camden I* factors, the arguments made by Class Counsel, Class Counsel's Declaration, and the Declaration of Attorney Peter Prieto (all submitted with the unopposed motion), the Court finds that an award of attorney's fees to Class Counsel is fair and reasonable and awards the amount of $6,625,000 in attorney's fees (which constitutes 24.88% of the Settlement Fund). Class Counsel do not seek a separate award for reimbursement of expenses.

29. The Court would note the settlement reached is the result of not only the attorneys' evaluation of the case but also the mediation conducted by Hunter Hughes. The Court finds the result to be because of an arm's length negotiation between the parties and to be absent of any fraud, collusion, or nefarious conduct. The Court commends the lawyers on their hard work in arriving at this settlement.

30. As such, Plaintiffs' Unopposed Motion for Attorney's Fees and Expenses and is **GRANTED**. Class Counsel shall be entitled to be paid attorney's fees and expenses in the amount of $6,625,000 from the Settlement Fund in accordance with the Settlement Agreement. Class Counsel shall be responsible for the division of the fees amongst themselves and any other counsel who contributed to the litigation and resolution of this matter.

**ORDERED AND ADJUDGED** that Unopposed Motion for Final Approval of Class Action Settlement and for Award of Attorneys' Fees and Reimbursement of Expenses (DE [71]) is **GRANTED**. Immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of June 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF

**EXHIBIT 1**

1. Diego Fernandez
2. Jessica Cifuentes
3. Trinvest Property Masters LLC
4. Christian P. Bhim
5. Vania Cortez
6. Sarai A. Beas
7. SB Capital Holdings LLC